BELLA W. SAVIN ET AL., ADMINISTRATORS, *vs.* WM. R. WEBB ET AL.

*Vested Legacy Payable at Majority—Death of Legatee Under Age.*

Where a vested legacy, not charged upon land, is given to a child to be paid at his majority and interest is payable thereon in the meantime, then if the legatee die under age his personal representatives will be entitled to immediate payment of the legacy.

When the will making such bequest to a legatee who dies under age directs the executors to pay the same at such time as they find convenient but not before the legatee arrives at twenty-one years of age, such direction refers to the exigencies of the settlement of the estate and does not authorize the executors to delay payment capriciously when they have sufficient funds in hand.

Appeal from an order of the Circuit Court of Baltimore City (STOCKBRIDGE, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Frank Gosnell* (with whom was *Jas. W. McElroy* on the brief), for the appellants.

*Frank V. Rhodes* (with whom was *C. C. Rhodes* on the brief), for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order passed on a petition filed in a case which was before us upon a previous appeal, in *Webb* v. *Webb*, 92 Md. 101. By reference ·to that case it will appear that the late William Prescott Webb, of Baltimore City, by his last will gave a legacy of five thousand dollars to each infant child of his deceased son, George Prescott Webb, to be paid to the child at such time as the executors named in the will find convenient but not before he arrived at twenty-one years of age.

A controversy having arisen among the parties interested in the estate of the testator as to whether these legacies were vested or contingent and also as to the date from which they bore interest, a bill was filed by the grandchildren against the executors in the Circuit Court of Baltimore City for a construction of the will and for an administration of the legacies as a trust fund under the supervision of the Court until the time arrived for their payment to the legatees. In that proceeding an order of Court was passed, after an answer had been filed and testimony taken, with the assent of the executors in which they were treated and designated as trustees of the legacies and were required to give bond for the discharge of their trust and to pay a monthly sum to the guardian of the infant legatees until the further order of the Court. That order was complied with, but the case came here upon on appeal from a subsequent order ratifying an auditor's account and we found it necessary, in deciding the issue then presented to us, to construe the will and pass· upon the nature of the legacies.

We there held that the legacies to the grandchildren were vested and not contingent and it appearing from the evidence that the testator had assumed to stand *in loco parentis* to the legatees, we also held that the legacies bore interest from the date of his death. We further held that the case should be

retained by the Circuit Court for the further administration of the legacies as being in the nature of a trust fund.

Since the case was last before us Wilbur Morrison Webb one of the legatees died before reaching the age of twenty-one years and letters of administration on his personal estate issued out of the Orphans' Court of Baltimore City to the present appellants. After they had duly qualified as administrators they filed their petition in the pending case in the Circuit Court setting out the facts which we have mentioned, and asserting their title to the legacy of $5,000 held for the benefit of their intestate by the appellees as executors and trustees under the will of William Prescott Webb, and praying for an order of Court directing its payment to them.

The appellees answered the petition admitting that they were directed by the will of William Prescott Webb to pay the legacy of five thousand dollars to the petitioner's intestate, Wilbur M. Webb, but insisting that they could not be compelled to pay it " before the time when the said Wilbur Morrison Webb would have reached the age of twenty-one years." The Circuit Court upon a hearing of the matter refused to direct the payment of the legacy and passed an order dismissing the petition. From that order the present appeal was taken.

We think the learned judge below erred in his action on this petition. The appellees do not in their answer deny that they have the five thousand dollars in their hands or assert that the fund held by them for the payment of the legacies to the grandchildren is so invested or in such condition that it would be inconvenient or disadvantageous to raise the $5,000 with which to make the payment, nor do they suggest *any other reason for declining to make it* than the inability in their opinion of the appellants to compel it to be made before the time when the legatee if living would have reached his majority.

It is not necessary in this connection to repeat in detail the provisions of the will by which the legacies to the grandchildren were given. When that instrument was before us in the

case in 92 Md. we distinctly decided, as we have already said, that those legacies were vested and bore interest from the death of the testator, and that the provisions of the will in reference to the time of their payment were not of the substance of the gift but related merely to its enjoyment.

The authorities agree that where a vested legacy, not charged upon land, is given to a child to be paid at his majority and interest is payable thereon in the meantime, if the legatee die under age his representative will be entitled to the immediate payment of the legacy ; but if no interest be payable on the legacy the representative must wait until the legatee would have come of age if he had lived.   *Roper on Legacies*, vol. 1, *871; *Williams on Exrs.*, vol. 2, *1254; *Crickett* v. *Dolby*, 3 Ves. Jr., 13; *Trustees of Jacobs* v. *Bull*, 1 Watts (Pa.) 372; *Felton* v. *Sawyer*, 41 N. H. 213; *McReynolds* v. *Graham*, 43 S. W. R. 138; *Bowman's Appeal*, 34 Pa. St. 19; *Am. and Eng. Ency. of Law*, 2nd ed., vol. 18, p. 792–3.

In most of these cases interest was made payable on the legacy during the minority of the legatee by the terms of the will, but in *Bowman's Appeal, supra,* the legacies were given as in the present case to the grandchildren of the testator to be paid on their respectively coming of age and no disposition of the interest in the meantime was made.   The Court there held that as the testator under the circumstances of that case stood *in loco parentis* to the legatees they were entitled to interest from his death and then applied the rule, to which we have referred, to the case of one of the legatees who died under age and ordered the immediate payment of the legacy to the personal representative of the legatee.

The Maryland cases relied on by the appellees are not in conflict with the rule.   In *Keerl* v. *Fulton*, 1 Md. Chy. 535, the decision that the representative of the deceased minor legatee must wait for the legacy until the child would if living have attained its majority was put upon the express ground that interest was not payable upon the legacy during the minority of the legatee, and the case of *Crickett* v. *Dolby, supra,* was cited by the Court as an authority for its decision.

The cases of *Hinkley* v. *The House of Refuge*, 40 Md. 469, and *Wehrhane* v. *Safe Deposit and Trust Co.*, 89 Md. 179, presented questions of the acceleration of remainders in one instance by the death of the life-tenant and in the other by the renunciation of the widow. The Court in each of those cases admitted that under ordinary circumstances the acceleration of the legacy there under consideration would have occurred but held that by reason of the special terms of the wills creating these legacies such a result would contravene the intention of the testator and therefore held that no acceleration took place.

The direction to the appellees as executors, to pay the legacies at such a time as they might find it convenient, appearing in the will in the present case, referred to the exigencies of the settlement of the estate and did not confer upon them any arbitrary or capricious power to delay payment. It appears from the proceedings that they turned the money over to themselves as trustees sometime ago and they do not suggest that it would prejudice the estate in any manner to make an immediate payment of the legacy now in question but rest entirely upon the want of title in the appellants to receive it at this time. We think the appellants are entitled to receive the legacy now.

The order appealed from will be reversed and the case remanded for further proceedings in accordance with this opinion.

> *Order appealed from reversed with costs and case remanded for further proceedings in accordance with this opinion.*

(Decided January 22nd, 1903.)