# ABRAHAM C. STRITE, GUARDIAN, *vs.* CLYDE FURST, EXECUTOR.

*When Guardian Entitle to Possession of Legacy Given as Remainder to Infant.*

A testatrix bequeathed one-half of her estate to be held by a trustee, the income therefrom to be paid to her son for life, and after his death to his widow, and after her death the property to be divided equally between the children of the son, "each child to receive its share upon its arrival at the age of twenty-one years." The testator's son died, and then his widow, leaving an infant child. *Held,* that the guardian of the infant is now entitled to receive the property from the trustee under the will.

*Decided January 12th, 1910.*

Appeal from the Circuit Court for Washington County (KEEDY, J.).

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE, THOMAS and PATTISON, JJ.

*A. C. Strite* (with whom were *Wagaman & Wagaman* on the brief), for the appellant.

*C. A. Little,* for the appellee, submitted the cause on his brief.

PEARCE, J., delivered the opinion of the Court.

This appeal involves the construction of the will of Catherine B. Bowman of Washington County, Md., and arises upon a bill filed for that purpose in the Circuit Court for Washington County by Abraham C. Strite, guardian of Walter E. Bowman. It is only necessary to consider the fifth clause of said will—which is as follows:

*Fifth.*—"I hereby give, devise and bequeath to my executor hereinafter named the one-half of the said residue of my estate, to hold the same in trust, and to invest the same and to pay the interest accruing therefrom annually, to my son George Walter Bowman, for and during his life, and after his death the said interest arising therefrom annually is to be paid to the wife of the said George Walter Bowman, should she be still living, for and during her life should she remain the widow of the said George Walter Bowman or if she marries again until she so marries and after the death of the said George Walter Bowman and after the death or marriage of the said wife of the said George Walter Bowman then the said one-half of the said residue is to be divided equally among the children of the said George Walter Bowman, if any, each child to receive its share upon its arrival at the age of twenty-one years. And in the event of the said George Walter Bowman leaving no children then after his death and after the death or marriage of his widow, as afore-

said, the said one-half of the said residue is to go to my grandson Clyde Furst, for and during his life, and after his death to his wife for her life, or for so long a time as she remains his widow, and after the death of the said Clyde Furst, and after the death or marriage of his said widow, then to the children of the said Clyde Furst, if any, to be divided among them share and share alike, each child to receive its portion upon its arrival at the age of twenty-one years, but if neither my said son or grandson leave any children then after the death of my said son or grandson and after the death or marriage of their wives, the said one-half of the said residue is to be given to my nephew, Adam Elliott of Greencastle in the State of Pennsylvania."

The Court below did assume jurisdiction of the trust (see Decree, Record, page 22), and by said decree appointed Charles A. Little, Esq., trustee to receive the trust fund.

The testatrix died June 10th, 1902. Her executor Clyde B. Furst as directed by the fourth clause of the will, after the passage of a first administration account, invested all the residue of his testatrix's estate for the period of five years from her death, the period fixed by her for its distribution under her will, and on August 30th, 1907, passed a second account, showing the sum of $6,084.54 for distribution, in which account the sum of $3,042.27 was distributed as follows: "To this executor one-half of $6,084.54, viz, $3,042.27 to hold in trust and invest the same and pay the interest accruing therefrom annually to the wife of G. Walter Bowman (he being dead), so long as she remains the widow of said George Walter Bowman, deceased;" and in which account a like sum of $3,042.27 was distributed: "To this executor to hold in trust and invest the same and pay the interest accruing therefrom annually to Clyde Furst, grandson of testatrix, for and during his life."

In addition to the above facts, the bill alleged that George Walter Bowman, son of the testatrix, died March 4th, 1903, leaving surviving him, his wife Lettie E. Bowman, and an only child, a son, Walter E. Bowman, that Lettie E. Bow-

man never remarried after the death of her said husband and died May 6th, 1908, leaving surviving her the said Walter E. Bowman the only child of her said husband, then eight years of age; that Abraham C. Strite was the duly appointed and qualified guardian of Walter E. Bowman, and as such was now entitled to receive from the trustee under the will of Catherine B. Bowman, the one-half of the residue of her said estate, the time for the division of said estate having arrived and the trust having terminated under the provisions of the fifth clause of said will. The bill then prayed:

1st. That the Court would assume jurisdiction of said trust.

2nd. That the Court would advise and direct the orator and the trustee as to the true construction of the will and especially the fifth clause.

3rd. And for such other relief as the case should require— and prayed for subpoena against Clyde Furst, executor and trustee.

The executor and trustee answered admitting all the allegations of fact in the bill, but neither admitting nor denying the claim of the guardian to the one-half of the residue of said estate, and submitted to such decree as the Court should think proper.

The Court thereupon passed a decree appointing Charles A. Little, trustee, to receive said fund from Clyde B. Furst, trustee under said will, "to the end that the said trust may be administered by him, as such trustee under the jurisdiction of this Court," with the usual requirements as to bond, etc., and this appeal is from that decree.

The learned judge of the Circuit Court filed a careful opinion from which we extract the following passages which clearly show the conclusions reached by him.

(1) "The said George Walter Bowman and his wife, Lettie E. Bowman, both being dead, and as there are no active duties now to be performed by the said trustee, as there were during the lives of the said Bowman and his wife, during which time the said trustee was to invest the trust fund and

to pay the interest accruing therefrom annually, first, to the said George Walter Bowman during his life, and after his death to his wife, if then living, during her life or widowhood, *the trust ceased upon the death of the life tenants.*" * * *

(2) "It will thus be seen that in the events as they happened, the said trustee has no active duties to perform. Walter E. Bowman, the son of said George Walter Bowman, *takes the absolute vested interest in said fund,* not simply an interest for life with remainder over to another or others, the right to receive the same however, being delayed until he reaches the age of twenty-one years. In the event of his death before reaching the age of twenty-one years, it would vest in his personal representatives to be distributed under the laws of descent of the State of Maryland." * * *

(3) "Said fund is now held by said Clyde B. Furst, not in his capacity of executor, but as trustee." * * *

(4) "That a decree should be passed assuming jurisdiction over said trust fund." * * *

The Court below however further said: "If Walter E. Bowman were now an adult, he would be entitled to receive said fund into his possession; but under the terms of the will (being still an infant) he has no such right, and in order that the terms of the will may be complied with as to the time of payment, it is necessary for the Court to appoint a trustee to receive said fund from said Clyde B. Furst, trustee under said will, and to hold and invest the same until such time as the said Walter E. Bowman, under the will, is entitled to receive the same into his own hands. The guardian of the said Walter E. Bowman is not entitled to receive said fund, for the reason that a guardian although occupying the position of a fiduciary, somewhat analogous to a trustee, is the creature of the Orphans' Court, and as the will and all parties concerned as well as the fund involved are now before a Court of equity, such Court will assume jurisdiction over said fund and appoint a trustee to receive and hold the same *until such time as said trust may terminate.*"

This conclusion we think is in conflict with the previous conclusions of the Court. The Court had previously said: *"There is no provision in the will that the said Clyde Furst as trustee shall hold the fund to and for the children or child of the said George Walter Bowman until reaching the age of twenty-one years; on the contrary; it says that the fund shall be divided at the death or marriage of the widow of the said George Walter Bowman equally among his children.* So far as his powers as trustee under the will are concerned, they ended at the death of the widow of the said George Walter Bowman the law of course imposing upon him the duty to pay the fund to such person as may be determined to receive the same." By the decree appealed from in this case the Court has either *continued* a trust which it had just declared "had ceased upon the death of the life tenants," or it has created by its decree *another* trust which it has said was not created or declared by the will, and has vested in the trustee appointed by its decree, a portion of the *absolute* estate which it had just declared to be vested in Walter E. Bowman. A trustee cannot hold a legal title to an estate or fund the *absolute title* to which is vested in another. But a guardian, without acquiring any estate in the property of his ward, is the custodian of the property or estate of his ward. Section 149 of Article 93 of the Code provides that a guardian appointed by the Orphans' Court, or by a will, shall be entitled to the possession "of all the property of the infant within this State, or which may be obtained by such guardian out of the State by virtue of such guardianship or appointment."

The Circuit Court based its decision upon the supplemental opinion in *Graham* v. *Whitridge,* 99 Md. 294, in which JUDGE McSHERRY used the following language: "With respect to that portion of the estates in remainder in which the life tenants are only entitled to a life interest, that is to say that portion which after the termination of the life estates belongs to Mrs. Whitridge and to Alexander Brown, and in which the life tenants have no vested interests in remainder, the trustees under the will of George Brown have no active

duties to perform, and therefore for the reasons hereinbefore assigned, the trust has ceased. This being so, the parties entitled in remainder to this portion of the residue may go into a Court of equity and procure the appointment of a trustee to take possession of the fund *for its preservation* and to pay over the income arising out of it to the parties entitled to the life estates therein. *By that proceeding the life tenants will be secured their income therefrom, and the remaindermen will be protected against loss of the principal."*

But in the case at bar, there is no remainderman, or other party in any way interested in this fund, for whose protection the intervention of a trustee, can be invoked in equity, and that case can have no application to the present case.

In *Savin* v. *Webb,* 96 Md. 507, JUDGE SCHMUCKER said: "The authorities agree that where a vested legacy not charged upon land, is given to a child to be paid at his majority, and interest thereon is payable in the meantime, if the legatee die under age, his representative will be entitled to immediate payment of the legacy, but if no interest be payable on the legacy the representative must wait until the legatee would have come of age if he had lived," and the lower Court cited that case in its opinion. In the case now before us the whole *residue* of the estate is equally divided between the two legatees, and the one-half of the residue bequeathed to Walter E. Bowman necessarily carries the interest on that half—otherwise the residue could not be equally divided, and if the interest on that one-half in event of his death could not be paid to his representative, it would necessarily be paid to Clyde Furst, or in event of his death to his representative, who would thus receive the interest on the whole residue instead of on his half only. If this legacy is paid to his guardian, the accruing interest will come into the guardian's hands, and will be applicable for the infant's maintenance and support under the direction of the Orphans' Court and we can discover nothing in the will which indicates the testatrix intended to withhold the income from his maintenance during his minority, though the possession and control of the

principal was deferred by the will precisely as it would have been deferred by the law if the will had not so provided.

For the reasons stated we are of opinion that the learned judge of the Circuit Court was in error in his decree, and that the guardian of Walter E. Bowman is entitled now to receive this legacy from Clyde Furst, trustee under the will.

> *Decree reversed and cause remanded that a decree may be passed in conformity with this opinion. The costs to be paid out of the fund.*