CAMDEN COUNTY ORPHANS COURT.

IN THE MATTER OF THE ESTATE OF ALBERT E. CLARK, DECEASED.

Decided April 24, 1935.

Proctors, *Frank S. Norcross* and *Thomas M. Farr*.

NEUTZE, C. P. J.   The substituted executors and trustees, Camden Safe Deposit and Trust Company and Isabelle Cragin Clark, under the will of Albert E. Clark, deceased, petition for a decree of distribution of the testator's estate under the said testator's will.

The testator, Albert E. Clark, a resident of Camden county, died May 3d, 1904, then him surviving his widow Isabelle Cragin Clark, his son, Herberton Cragin Clark, and his daughter, Isabelle Clark, who has since married, is now past thirty years of age and whose name is now Isabelle C. Blank. The son, Herberton, died on April 3d, 1914, while a minor and unmarried.   His mother has letters of administration upon his estate if any.   The testator's widow and daughter are both alive and parties to this petition.   With this kaleidoscopic view of the facts as to those persons who can possibly be interested in the terms of the testator's will, we shall next look at the contents of the testator's will.

The pertinent provisions of the will, out of which any possible difference in construction might arise as to the relative

rights of the parties, are as follows: "I devise and bequeath all my estate, both real and personal unto my executors hereinafter named, in trust for the following purposes: To collect the income arising therefrom and to pay the same unto my beloved wife, Isabelle Cragin Clark, during the minority of our children (it is my desire that my children should be liberally educated and properly maintained during their minority) and when and as soon as each child shall attain the age of twenty-one years, I direct that my executors shall pay unto such child its *pro rata* share of the said income; and when my eldest child shall attain the age of thirty years, I direct that my executors shall divide my estate between my wife, and children, share and share alike; retaining in trust, however, the share of such child as shall not have attained the age of thirty years until it shall attain the said age of thirty years.

"I direct that if any of my said children shall die, leaving surviving children, before my estate shall be distributed as aforesaid, the heirs of the child or children so deceased shall receive their parent's share."

The task of the court in these cases is to ascertain the intention of the testator from the actual terms of the will. The will as a whole and not any of its particular paragraphs. The intention of the testator may override the rule of law which favors the creation of a vested estate rather than a contingent estate if some doubt arises.

The two children of the testator took a contingent interest in his estate at the time of his death. The son's interest has never vested while the daughter's interest has vested. An interest is vested in a person when that person has a right to immediate possession on the determination of the preceding or particular estate. An interest is contingent if, in order for it to come into possession, there is necessary the fulfillment of some condition precedent other than the determination of the preceding freehold estate. Looking at the terms of the testator's will, he provided as to the income, *"when and as soon as* each child shall attain the age of twenty-one years, I direct that my executor shall pay unto such child its *pro rata* share of the said income." As to the

principal, he provided "and *when* my eldest child shall *attain* the age of thirty years, I direct that my executors shall divide my estate between my wife and children, share and share alike." Subject to certain exceptions which I shall mention, where a testator creates an interest in his estate and uses the words "if" or "when he arrives at the age of twenty-one" or like conditions, he is creating a *prima facie* contingent interest. Contingent on that person arriving at such age before his interest will vest. This construction was early adopted in the law. *Post* v. *Herbert's Executors, 27 N. J. Eq.* 540; *L. R. A.* 1918 E 1097.

In the case at bar, the testator imposed such a condition upon the vesting of each child's interest. Another rule of law that appears to be applicable to this will is what is known as the "divide and pay over" rule. If a testator uses words of such import he is deemed to create a contingent estate unless a clear manifestation exists in the will to the contrary or falls within the exception to the above rules of law. The reason for the "divide and pay over" rule has been stated to be that "as the direction to pay or divide has no reference to the present, and can be executed only in the future, if in the meantime the donee indicated shall die, the direction cannot be executed at all." *L. R. A.* 1918 E 1097 (at *p.* 1105), footnote 22, and cases thereunder. The noted exception to the above rules of construction is that rule which says that if pending the arrival of the specified age or time to "divide and pay," the legatee is entitled to the *income* from such estate, then his estate is vested immediately from the death of the testator. In such cases, the courts say that the testator has *manifested* an intention to give such legatee a vested interest and that only the enjoyment is postponed. In this case, the testator, Clark, did not secure to the son or daughter any fixed income from their principal until "when and as soon as each child shall attain the age of twenty-one years." Nor can the court presume he intended to allow them such income such as was done in the case in Maryland of *Savin* v. *Webb*, 96 *Md.* 504; 54 *Atl. Rep.* 164, because in this case the testator expressly provides for the disposition of the income pending their attainment of the age of twenty-one

years. It went to the widow pending such time and the children had no definite allocation of such funds unto themselves until they reached the age of twenty-one years. The son died before such time and therefore his contingent estate lapsed.

As further evidence that the son only had a contingent interest, one need but refer to the provision of the will which provides for the case of the decease of a child of the testator leaving surviving children in which case such children would take their parents' portion. If the testator considered his children's interest as vested, he would not have inserted such a clause in his comparatively short will because if their interest was vested, such a clause would be surplusage, in that his children's children would take their parents' interest by virtue of the inheritance laws. See *L. R. A.* 1918 E 1097 (at *p.* 1131).

The testator provided that the estate was to be divided when his eldest child attained the age of thirty. The testator's deceased son was the eldest child at the time of his death. To take the testator's words literally would prevent a distribution under the terms of the will because the son died before thirty. The testator could not have meant such a construction. Let us suppose that the son died above the age of twenty-one leaving him a widow and several children. If the literal construction of the terms were followed his children would not be able to take his estate because he had not reached the age of thirty years. This construction would defeat the intention of the testator and would be a reduction to the absurd. The testator intended that his estate be distributed and such distribution to take place when the eldest child would if living have reached the age of thirty. Such time is past and the estate may be distributed.

As to the interests, since the son only had a contingent interest which has lapsed, the estate is to be divided between the widow and daughter share and share alike. The testator provided that the estate be divided between his wife and children share and share alike when his eldest child attained the age of thirty. At such time, the daughter is the only child alive and she is to take one-half of the estate and the widow is to take the other half of the estate.