(Filed 15th July, 1886.)

S. FRANK BENNETT *vs.* THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH in the City and Precincts of Baltimore.

### *Validity of Title.*

The "Charles Street Methodist Episcopal Church of Baltimore," a corporation under the laws of the State of Maryland, acquired title to a leasehold lot in the City of Baltimore, by deed of assignment

Bennett *vs.* The Trustees of The Methodist Episcopal Church, &c.

duly recorded. This deed contained the following clause: "In trust that there shall be erected and built thereon a house or place of worship for the use of the Methodist Episcopal Church, according to the rules and discipline which from time to time, may be agreed upon and adopted by the ministers and preachers of the said Church at the General Conference," &c. An annual rent was reserved. Subsequently, the Charles Street Methodist Episcopal Church of Baltimore, by deed duly recorded, assigned the said property to "The Trustees of the Methodist Episcopal Church in the City and Precincts of Baltimore." This deed of assignment contained no restrictions. Afterwards, "The Trustees of the Methodist Episcopal Church in the City and Precincts of Baltimore," a corporation duly created under the laws of the State, purchased the reversionary interest or estate in the lot of ground, and by such purchase became discharged and released from the payment of the ground rent. B. contracted to purchase from "The Trustees of the Methodist Episcopal Church in the City and Precincts of Baltimore," the lot in question, but was unwilling to accept the property until the supposed cloud upon the title could be cleared away, it being questioned whether the purchase from the reversioner of the fee, effected a merger of all interests in "The Trustees of the Methodist Episcopal Church in the City and Precincts of Baltimore," and perfected its title. It was further suggested that the title was defective in that "The Charles Street Methodist Church" never obtained the assent of the Legislature to its holding the leasehold estate, prior to the assignment thereof to "The Trustees of the Methodist Episcopal Church in the City and Precincts of Baltimore;" and further, in that there was a diversion of the property from the use expressed in the assignment to "The Charles Street Methodist Church." On a bill filed by B. to have have the title made valid, it was HELD:

That by the purchase from, and a conveyance by, the reversioner, of the fee, the less estate was merged in the greater, and the title of "The Trustees of the Methodist Episcopal Church in the City and Precincts of Baltimore," became absolute and indefeasible upon the assent of the Legislature, which was subsequently given.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and IRVING, J.

*Thomas R. Clendinen,* for the appellant.

*Lewis H. Cole,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The appellant by written agreement contracted to purchase of the appellee, the trustees of " The Methodist Episcopal Church of the city and precincts of Baltimore," the lot of ground with the Church thereon situated upon the corner of Charles and Fayette streets, Baltimore City. Apprehending difficulty in the way of the appellee's giving him a good title, he required the cloud to be cleared away before he could accept the property. A bill was therefore filed by the appellant, in the Circuit Court of Baltimore City, to enforce specific performance. The case was submitted to the Circuit Court upon an agreed statement of facts, and that Court determined that the appellee could convey a good title, and accordingly decreed a performance of the contract. From that decree appeal was taken, and the sole question in the case is whether the title of the appellee to the lot in question is good.

By the agreed statement of facts it appears, that on the twenty-third day of May, eighteen hundred and forty-three, the "Charles Street Methodist Episcopal Church of Baltimore." A corporation under the laws of Maryland, by deed duly recorded, acquired title from Alexander Lorman to a leasehold estate in the lot of ground in question. In the deed, assigning the leasehold to the Charles Street Church, occurs the following clause : " In trust that there shall be erected and built thereon a house or place of worship for the use of the Methodist Episcopal Church, according to the rules and discipline which from time to time may be agreed upon and adopted by the ministers and preachers of the said Church at their General Conference ; and in further trust and confidence, that

they shall forever hereafter permit such ministers and preachers belonging to the said church, as shall from time to time be duly authorized by the General Conference of the Methodist Episcopal Church, by the Annual Conferences authorized by the said General Conference to preach and expound God's Holy Word therein, and to execute the discipline and administer the sacraments therein according to the rules of said Methodist Episcopal Church, subject however to the payment of the aforesaid yearly rent of five hundred and forty dollars." Subsequently, to wit, on the 11th of March, 1872, the "Charles Street Methodist Episcopal Church of Baltimore," by deed duly recorded, assigned the said property to the trustees of the " Methodist Episcopal Church, in the city and precincts of Baltimore." This deed of assignment contained no restrictions.

On the 13th of December, 1883, the appellees, " the trustees of the Methodist Episcopal Church in the city and precincts of Baltimore," which is a corporation duly created under the laws of Maryland, purchased from Angelica Didier, the reversionary interest, or estate, in the lot of ground herein before described; and, by that purchase, the appellee became discharged and released from the payment of any ground rent; but whether such purchase, and deed accordingly, effected a merger of all interests in the appellee and perfected its title, the appellant seems to have questioned and asks us to decide on this appeal.

It is submitted by the appellant, that the Charles Street Methodist Church, never having obtained the assent of the Legislature to its holding the leasehold estate, under the deed from Alexander Lorman, prior to the assignment thereof to the appellee, its title was never perfected, in consequence of the provisions of the thirty-fifth Article of the Declaration of Rights which was then in force; and that the appellee never obtained the assent of the Legislature to its holding until the Legislature of 1886.

In addition to the cloud which he thinks these omissions throw over the title of the appellant, he suggests, that a more serious difficulty arises from the diversion of the property 'from the use expressed in the assignment by Lorman to the Charles Street Methodist Church.

We do not think there is any infirmity in the title of the appellee because of any thing that has been suggested against it.

The assignment by Lorman to the " Charles Street Methodist Church," was only of a leasehold interest in a little over one-fifth of an acre of land, as appears from the record; whereas, the Bill of Rights then in force, excepted from its operation two acres conveyed for the express purpose of a church building or grave-yard. The deed of assignment of this property was in express trust that a church should be built thereon for the worship of God, according to the rites and usages of the Methodist Episcopal Church. Such church was erected and still exists, as appears from the record. This assignment, therefore, was not in contravention of the Bill of Rights. It is true, that, the appellee's deed of assignment from the Charles Street Methodist Church contains no restriction as to the use to be made of the property ; but as the vendee was a religious corporation of the same body of Christians, in buying a house of worship, it is but reasonable to suppose it was sold and bought for the purpose of religious worship, and there is no suggestion that it was not so used up to the time of the appellee's purchase of the fee from the reversioner.

The Declaration of Rights, in the Constitution of 1851, makes a like exception to that already mentioned in the original Bill of Rights of the State, in favor of property to be used for a church, only extending the exception to five acres, instead of two; but if it were true, that this assignment without restriction as to use in express terms, could be regarded as in contravention of the Bill of

Rights, inasmuch as the appellee has since acquired the fee, and has obtained the assent of the Legislature to its holding thereof by chapter 58 of the Acts of 1886, we think the difficulty would be removed. The fee was acquired on the 13th of December, 1883, and although the assent of the Legislature was not secured at the succeeding session of the Legislature in 1884, it was acquired at the next session of the Legislature in 1886, and was so acquired within such reasonable time as was contemplated by the Bill of Rights, and by the decision of this Court in *England vs. The Vestry of Prince George's Parish,* 53 *Md.,* 466. No one could take advantage of the delay but the grantor or the reversioner; and the grantee of the fee would hardly be allowed to treat her conveyance as void, because the assent of the Legislature was not secured at the first session thereof, which was only a few weeks after the conveyance. Besides, we ought to add that the Legislature of 1866 by chapter 43 of its enactments in express terms, assented to the original holding by the Charles Street Methodist Church, thereby waiving any objection on the part of the State, which could be raised by it, by any possibility, to the appellee's title.

The remaining objection to the title arises from the supposed forfeiture of the right of "Charles Street Methodist Church" to the property, by conveying it to the appellee without naming the use to which it was to be put; or if not then and thereby, by the diversion of the property from the created use in the proposed sale to the appellant. If the deed of assignment by the Charles Street Methodist Chureh to the appellee could be supposed to have worked a diversion from the trust created by the Lorman deed, the effect thereof would only be, that the grantor of the fee or owner of the reversion would be entitled to claim a forfeiture and resume possession of the property. Lorman had only a leasehold interest to assign, and the creation of a trust, when he assigned all his

title, left in him no reversion in case of a diversion of the property from the use it created. Such result could only inure to the benefit of the reversioner. He only had right to complain. Or, if such diversion by a corporation could be supposed to work a dissolution and forfeiture of its personal property to the State, then the subsequent assent on the part of the State to the appellee's holding the property in fee, and without qualification, under its deed from the reversioner, would be a waiver of all claim on the part of the State. By the purchase from, and a conveyance by Angelica Didier, who was the reversioner, of the fee, the less estate was merged in the greater, and the title of the appellee became absolute and indefeasible, upon the assent of the Legislature, which it has been seen was given at its session of 1886. We think the decree enforcing a specific performance of the contract was right, and it will be affirmed.

*Decree affirmed.*

(Decided 24th June, 1886.)