Argued February 9, decided March 2, 1909.

## MATTISON *v.* MATTISON.

[100 Pac. 4.]

WILLS—LIFE ESTATES—LIMITATIONS ON—RESTRICTIONS ON ALIENATION.

1. Where a will passes to a beneficiary the legal title to a life estate, an attempt to limit the enjoyment or power of alienation by the same instrument is void.

TRUSTS—LIFE ESTATES—RESTRICTIONS ON ALIENATION.

2. A trust estate for the life of the *cestui que trust* may be created with provision that the latter shall receive and enjoy the avails at times and in amounts either fixed by the instrument or left to the discretion of the trustee, and that such avails shall not be subject to alienation by the beneficiary nor liable for his debts.

WILLS—CONSTRUCTION—INTENTION.

3. Where a will discloses testator's intention in giving certain property to trustees, to be the creation of an equitable life estate in his son, whereby he should have the occupancy, rents, and profits of the property, without the right of alienation, the intention must prevail, though the provision against alienation is only implied from the terms of the trust in the light of all the circumstances, since a will is to be construed in accordance with the intention of the testator, gathered from the whole instrument, rather than from the language used in any particular clause.

WILLS—CONSTRUCTION—INTENTION OF TESTATOR.

4. Testator bequeathed to his son during his life the occupancy, use, rents, and profits of a certain described farm, and, to protect such son in the full

enjoyment for life of the gift, he appointed two trustees with full power to control the bequest as they deemed proper to secure to the son the full and free enjoyment of the bequest. *Held*, that testator's purpose, as shown by the will, was to insure to his son the full benefit of the life estate during his life, putting the title thereto beyond his power of alienation without curtailing or limiting the benefits bequeathed to him, and hence, under it, the son was entitled to occupancy of the property and the rents and profits thereof, except so far as was necessary to preserve the property, but if any part thereof was not occupied by him, or he permitted waste to be committed thereon, the trustees could control the property as they might see fit to secure to the son the benefits thereof.

TRUSTS—TENURE OF TRUSTS—DEATH AND SURVIVORSHIP.

5. Under the express provisions of Laws 1905, p. 253, trustees of realty hold as joint tenants, unless otherwise provided in the devise or deed, and hence upon the death of one the trust survives in the other.

From Marion: WILLIAM GALLOWAY, Judge.

This is a suit by Alanson Mattison against Henry N. Mattison to quiet title. From a decree in favor of defendant, plaintiff appeals.

Statement by MR. JUSTICE EAKIN.

This is a suit to quiet title. Isaac Mattison, father of the plaintiff and defendant, now deceased, by his will made provision for plaintiff in the following language, namely:

"2nd. It is my will in order to provide for the comfort of my son Alanson Mattison and to secure to him a home during his life, I give, grant, and bequeath to said Alanson Mattison, during his life, the occupancy, use, rents and profits of the west half of my farm situated and being in the county of Marion and State of Oregon, being a part of section No. 35, in township 8 south of range 4 west of the Willamette Meridian. In order to protect my said son in the full enjoyment for life of the said gift and bequest, I constitute and appoint my sons, Henry N. Mattison and Charles A. Mattison, trustees of said bequest with full authority to conduct and control said bequest in such manner as to my said trustees may be proper to secure to said Alanson Mattison the full and free enjoyment and benefits of said bequest."

"4th. It is my will that at the termination of the life estate hereinbefore given to my son Alanson Mattison by his death, that said tract of land covered by said life estate be sold and that proceeds thereof be divided equally among my children," etc.

The said Charles A. Mattison, trustee named in said will, died in 1906, and this defendant, as such trustee, has been, and is now, claiming the right to take possession of said lands and the crop raised thereon; to rent the lands as he may see fit and pay the proceeds thereof to the plaintiff at such times and in such amounts as he may deem proper; and is withholding rents and profits of said lands from plaintiff and depriving him of the occupancy thereof.

Plaintiff contends that, by terms of the will above quoted, he is the legal owner of a life estate in, and entitled to the occupancy, use, and control of said lands without interference from defendant, and he brings this suit to quiet his title thereto, and to enjoin defendant from interfering with his occupancy and control thereof.

Defendant answered the complaint, admitting the terms of the will and asserting thereunder his right as trustee to lease portions of said land as he may see proper, collect the rents, repair, maintain, and improve said premises, pay the taxes thereon, and pay over to plaintiff the rents, issues, and profits in such sums and at such times as he may think best. To the new matter of the answer plaintiff filed a demurrer, which was overruled by the court, and a decree was rendered upon the pleadings in favor of defendant, from which plaintiff appeals.                                    MODIFIED.

For appellant there was a brief and an oral argument by *Mr. Claire M. Inman.*

For respondent there was a brief over the names of *Mr. Oscar Hayter* and *Mr. George G. Bingham,* with oral arguments by *Mr. Hayter* and *Mr. Bingham.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Plaintiff seeks by this suit to have the court declare that the effect of the clause of the will above quoted is to pass to him the legal title to the life estate in the property mentioned, and defendant's contention is that

the will transfers to him the legal title in trust, with full
power and authority to possess and control the property,
with absolute discretion to pay the rents and profits of it
to plaintiff as he may deem best, or to expend the same
in repairs or improvements upon said lands.  If the effect
of the will is to pass to plaintiff the legal title to the
life estate, then the attempt to limit the enjoyment or
power of alienation thereof by the same instrument is
void.  *Mason* v. *Rhode Island H. T. Co.,* 78 Conn. 81 (61
Atl. 57) ; 3 Am. & Eng. Ann. Cas. 588; *Bennett* v.
*Trustees of the Methodist Episcopal Church,* 66 Md. 36 (5
Atl. 291).

2. But a testator may create for the benefit and enjoy-
ment of the devisee a trust estate, and such a provision
may, if so intended by the testator, limit the right of
alienation by the devisee and its liability for his debts.
The English rule on this subject is that the grantor
cannot put any restraint upon the right of alienation
of an equitable life estate or place it beyond the reach
of creditors, but, if the estate be granted to trustees
for the benefit of the *cestui que trust* until alienation or
insolvency, then the happening of that event will termi-
nate the estate, or where the trustees are given full
power and discretion to apply or not to apply the income
for the benefit of the *cestui que trust* it is beyond his
power to alienate it, and is not liable for his debts.  This
English doctrine has been followed in some states of
the United States, in some the subject is governed by
statute, while in many others a much broader policy has
been adopted and is quite generally recognized, to the
effect that an equitable life estate may be created by
appropriate language, whereby the life tenant may have
a legal right to the income therefrom, and which shall
be inalienable by the life tenant and beyond the reach
of creditors.  This rule is stated in 26 Am. & Eng. Enc.
Law (2 ed.) 139, where it is said that the English
doctrine is largely extended by the majority of the states,

53 OR.—— 9

and is called the "American doctrine," namely: "This doctrine is that it is lawful for a testator or grantor to create a trust estate for the life of the *cestui que trust* with the provision that the latter shall receive and enjoy the avails at times and in amounts, either fixed by the instrument or left to the discretion of the trustee, and that such avails shall not be subject to alienation by the beneficiary nor liable for his debts." In *Mason* v. *Rhode Island H. T. Co.,* 78 Conn. 81 (61 Atl. 57), this question was directly before the court, and Mr. Justice PRENTICE makes a similar statement of the rule, namely: "The great current of modern authority in this country is to the effect that an equitable life estate, under which the life tenant may have absolute rights, may, by appropriate language, be created by one for the benefit of another, which shall be inalienable by the *cestui que trust,* and beyond the reach of creditors." There is an exhaustive note to this case in 3 Am. & Eng. Ann. Cac. 588, in which the cases are collated and classified, sustaining the text above quoted, and in 54 Cent. Law J. 382, is a leading article to the same effect.

The following states sustain the doctrine that the legal right of a *cestui que trust* to the possession and profits of the life estate to the extent provided by the deed or device may be valid and inalienable by the life tenant, if such intention of the grantor or testator appears from the instrument: *Mannerback's Estate,* 133 Pa. 342 (19 Atl. 552); *Broadway Nat'l Bank* v. *Adams,* 133 Mass. 170 (43 Am. Rep. 504); *Steib* v. *Whitehead,* 111 Ill. 247; *Roberts* v. *Stevens,* 84 Me. 325 (24 Atl. 873: 17 L. R. A. 266); *Leigh* v. *Harrison,* 69 Miss. 923 (11 South. 604: 18 L. R. A. 49); *Smith* v. *Towers,* 69 Md. 77 (14 Atl. 497: 15 Atl. 92: 9 Am. St. Rep. 398); *Patten* v. *Herring,* 9 Tex. Civ. App. 640 (29 S. W. 388); *Weller* v. *Noffsinger,* 57 Neb. 455 (77 N. W. 1075); *Lampert* v. *Haydel,* 96 Mo. 439 (9 S. W. 780: 2 L. R. A. 113: 9 Am. St. Rep. 358); *Randall* v. *Josselyn,* 59 Vt. 557 (10 Atl. 577);

*Garland* v. *Garland,* 87 Va. 758 (13 S. E. 478: 13 L. R. A. 212: 24 Am. St. Rep. 682) ; *Mason v. Rhode Lsland H. T. Co.,* 78 Conn. 81 (61 Atl. 57).

3. This deviation from the common-law doctrine follows the opinion of Mr. Justice MILLER in the case of *Nichols* v. *Eaton,* 91 U. S. 716 (23 L. Ed. 254), in which it is said: "We do not see, as implied in the remark of Lord Eldon (*Brandon* v. *Robinson,* 18 Ves. 429), that the power of alienation is a necessary incident to a life estate in real property, or that the rents and profits of real property and the interest and dividends of personal property may not be enjoyed by an individual without liability for his debts being attached as a necessary incident to such enjoyment. * * Nor do we see any reason * * why a testator * * may not attach to that gift the incident of continued use, of uninterrupted benefit of the gift during the life of the donee. Why a parent or one who loves another, and wishes to use his own property in securing the object of his affection, as far as property can do it, from the ills of life, the vicissitudes of fortune, and even his own improvidence, or incapacity for self-protection, should not be permitted to do so, is not readily perceived." In *Leigh* v. *Harrison,* 69 Miss. 923 (11 South. 604: 18 L. R. A. 49), the same idea is stated: "The ordinary doctrine that a restraint upon alienation is inconsistent with an estate in lands has no application to an equitable estate." In this case if it was the intention of the testator to create an equitable estate in plaintiff, whereby he should have the occupancy, rents, and profits of the property mentioned during his life, and sought to accomplish this end by placing the property in the hands of trustees with the purpose that plaintiff should be deprived of the right of alienation, and this purpose is disclosed by the terms of the will, that intention must prevail. In an equitable life estate a provision against alienation or liability to creditors need not be in express terms, but may be implied from

the general intention of the donor, to be gathered from the terms of the trust in the light of all the circumstances. The will is to be construed in accordance with the intention of the testator, gathered from the whole instrument, rather than from the language used in any particular clause of it. *Seymour* v. *McAvoy,* 121 Cal. 438 (53 Pac. 946: 41 L. R. A. 544) ; *Baker* v. *Brown,* 146 Mass. 369 (15 N. E. 783) ; *Smith* v. *Towers,* 69 Md. 77 (14 Atl. 497: 15 Atl. 92: 9 Am. St. Rep. 398) ; *Partridge* v. *Cavender,* 96 Mo. 452 (9 S. W. 785) ; *Patten* v. *Herring,* 9 Tex. Civ. App. 640 (29 S. W. 388).

4. In *Patten* v. *Herring,* the testatrix directed the executors to control the property so her brothers should have the sole right to occupy the homestead, together with such personalty as was necessary to maintain the home, and that the executors should control the estate in such a manner as might tend to promote its interest and pay the brother the net proceeds each year during his life, and it was held that none of the property or income was liable for the brother's debts. In *Garland* v. *Garland,* 87 Va. 758 (13 S. E. 478: 13 L. R. A. 212: 24 Am. St. Rep. 682), it was held that, although the life tenant was to have the use and superintendency of the plantation, it was not subject to his debts. In the case before us it appears that the testator intended that Alanson Mattison should have the occupancy, use, rents, and profits of the property mentioned, and it equally appears that he did not intend to pass to him the legal title to the life estate or the power of alienation; but in order to protect the son in the enjoyment of the bequest during his life he placed the legal title in the trustees named, with authority to conduct and control said bequest in such manner as to secure to Alanson Mattison the full and free enjoyment and benefits of the bequest, thus clearly intending that it should be beyond his power of alienation. The terms "give, grant and bequeath" to the wife in the previous clause of the will is a devise of

the legal life estate, and is distinguished from that to the son which is an equitable estate. It is plain that it was the purpose of the testator to insure to Alanson Mattison the full benefit of the life estate during his life by putting the title thereto beyond his power of alienation, and the language of the will creating the trust does not curtail or limit the benefits bequeathed to plaintiff.

5. The point further raised by plaintiff, that the power being conferred upon two, and one of the donees of the power has died, it cannot be exercised by the survivor, is not involved here as the terms of the will create a trust—not a mere power—and by the legislative act of 1905 (Laws 1905, p. 253) it is declared that trustees holding a trust in real estate hold as joint tenants, unless otherwise provided in the devise or deed, and therefore upon the death of one, the trust survives in the other. Plaintiff is entitled to occupy and use the property, if he so desires, and defendant may not detain from him such occupancy or the rents or profits, except so far as may be necessary to preserve the property. But, if the property or any part thereof is not occupied by plaintiff, or he commits or permits waste thereon, then the defendant should conduct and control said property in such manner as he may see fit to secure to Alanson Mattison the benefits thereof by renting the same, or otherwise, and collect and pay to him the rents and profits, less expenses incurred in relation thereto.

The decree of the lower court will be modified to this extent.                                        MODIFIED.