Argued May 8 and 9, decided May 28, 1912.

## ZEUSKE v. ZEUSKE.

[124 Pac. 203.]

SPECIFIC PERFORMANCE—ACTIONS—PARTIES.

1. Where deceased made a contract with his parents for the purchase of land, and in pursuance thereof took possession, making valuable improvements of a permanent nature, and paying the full purchase price, his administratrix was, under the direct provisions of Section 1185, L.O.L., entitled to possession, and the interest of dec·'dent is under Section 1266 available for the satisfaction of claims against the estate, and, as the deceased's right of action to compel specific p·rformance, survives under the provisions of Section 484, the administralrix is a proper party to such action.

SPECIFIC PERFORMANCE—CONVEYANCE OF LAND—ACTIONS—PARTIES.

2. Where the purchaser of land entered into possession in pursuance of an oral contract, making valuable improvements and paying the entire purchase price, his only heir could maintain specific performance.

PARTIES—JOINDER—OBJECTION—DEMURRER.

3. In a suit brought both by the administratrix and the infant heir of decedent who had, under a contract for the purchase of land, paid the entire purchase price and entered into possession, the complaint alleged that their right to a conveyance could not be set up in a legal action of ejectment brought by the vendors, and so prayed the court to compel specific performance. Held that, no objections to the joinder of the parties having been taken by demurrer, a mere denial that both the infant and the administratrix were parties to the action at law was an insufficient objection to the joinder of parties.

SPECIEIC PERFORMANCE—RIGHT TO SPECIFIC PERFORMANCE.

4. Where a purchaser under an oral contract of sale of land takes possession and makes permanent improvements and pays the purchase money, equity will compel specific performance of the contract on the ground that he has not a complete remedy at law.

SPECIFIC PERFORMANCE—ACTIONS—DOWER.

5. In an action for specific performance by the administratrix and heir of decedent who had entered into possession of land under a contract of sale and made improvements and paid the purchase money, the dower right of the decedent's wife should not be admeasured.

From Umatilla: GILBERT W. PHELPS, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Emma Zeuske, individually and as administratrix of the estate of Edward Zeuske, deceased, and George Edward Zeuske, a minor, by Emma Zeuske, his next friend, against August Zeuske and Wilhelmina Zeuske, is wife.

The complaint is in the nature of a cross-bill in equity combating from the chancery side of the court an action of ejectment brought by August Zeuske against Emma Zeuske to recover the possession of a tract of land in Umatilla County. The matter contained in the cross-bill was substantially alleged as a defense in that action and, being traversed, was successfully maintained in a jury trial resulting in a verdict and judgment in favor of the defendant there. On appeal, however, the judgment was reversed by this court on the ground, principally, that the allegations of the answer were available only in equity and did not constitute a defense at law. *Zeuske* v. *Zeuske,* 55 Or. 65 (103 Pac. 648: 105 Pac. 249: Ann. Cas. 1912A, 557). The action having been remanded to the circuit court for further proceedings, this suit was instituted by way of cross-bill in which Emma Zeuske as an individual and as administratrix of the estate of Edward Zeuske, deceased, together with her infant son George Edward Zeuske, by herself as next friend, appear as plaintiffs, and August Zeuske and Wilhelmina Zeuske, his wife, are made defendants. The complaint recites, and it is admitted, that the plaintiff Emma Zeuske on February 22, 1905, intermarried with Edward Zeuske, the son of the defendants, and that as a result of the marriage there was born to plaintiff and her husband, Edward, a son, George Edward Zeuske. It is further averred and admitted that Edward Zeuske died in Umatilla County, Oregon, intestate, and left surviving him as his only heirs at law the plaintiff Emma Zeuske, his widow, and the infant Edward George Zeuske, his son; and further that Emma Zeuske was regularly appointed and duly qualified as administratrix of the estate of her deceased husband, and is still acting in that capacity.

The following averment appears in the complaint:

"That at the time of his said death, on the 9th day of

June, 1908, the said Edward Zeuske was in the actual possession of the following described real property, to-wit: The east half of section 1 in township 4 north, range 32 east, Willamette Meridian, in Umatilla County, State of Oregon, claiming to be the owner thereof, and upon his said death the plaintiff, Emma Zeuske, for herself as the widow of the said Edward Zeuske, deceased, and as the natural guardian and next friend of George Edward Zeuske, co-plaintiff herein, and as the administratrix of the estate of the said Edward Zeuske, deceased, has been, and now is, in the actual possession of the said premises, holding the same for the use, benefit, and protection of the said Emma Zeuske, as the widow of the said deceased, and the said George Edward Zeuske, the minor heir of the said Edward Zeuske, and the estate of the said Edward Zeuske, deceased."

The actual possession of the property by Edward Zeuske at the time of his death, and of the defendant Emma Zeuske, since then, is admitted, but this allegation is otherwise traversed by the answer.

After narrating the acquisition by August Zeuske from the First National Bank of Pendleton of the fee-simple title to the premises in question about December 23, 1901, the complaint goes on to allege:

"That on or about the time the said premises hereinbefore described were purchased from the said First National Bank of Pendleton, as above alleged, the said August Zeuske, the father of the said Edward Zeuske, deceased, and Wilhelmina Zeuske, the wife of the said August Zeuske, and the mother of the said Edward Zeuske, deceased, made and entered into an oral agreement with the said Edward Zeuske, deceased, wherein and whereby the said August Zeuske and Wilhelmina Zeuske, his wife, promised and agreed, in consideration of past services and natural love and affection and the repayment to the said August Zeuske and his said wife of the said sum, so paid by said August Zeuske to the said First National Bank for said land, without interest, that the said August Zeuske and his said wife would convey said premises to the said Edward Zeuske, deceased, in fee, and that said Edward Zeuske should

have and take immediate possession of said premises and hold and occupy the same as his own, and take, use, and appropriate the proceeds thereof to his own use and benefit to the exclusion of the said August Zeuske and his said wife and all other persons."

Further the bill avers:

"That thereafter the said Edward Zeuske, deceased, in pursuance of said contract and agreement hereinbefore set forth, made by and between said August Zeuske and his said wife, and the said Edward Zeuske, deceased, by and with the knowledge and consent of the said August Zeuske and his said wife, entered into the possession of the said premises and each and every part thereof, and thereafter held the possession of the said premises during his lifetime and until the date of his death, as hereinbefore alleged, openly, notoriously, exclusively, and adversely to the said August Zeuske and his said wife, and all other persons whomsoever under a claim of right and title therein and thereto as owner thereof, and during all of said time cultivated and farmed the said land and appropriated the rents, issues, and profits thereof to his own use and benefit, and erected valuable and permanent improvements thereon, with the knowledge and consent of the said August Zeuske and his said wife; that said improvements consisted of a house, barn, fencing, and other improvements of great value, to wit, $1,500, and on or about the 17th day of October, 1907, the said Edward Zeuske, deceased, paid to the said August Zeuske the balance due on the purchase price of the said land and performed all of the conditions of the said agreement on his part to be kept and performed, and thereupon demanded from said August Zeuske and his said wife a deed for said premises; that the said August Zeuske and his said wife failed, neglected, and refused to deliver the said deed for said premises to the said Edward Zeuske, deceased, during his said lifetime, and that said August Zeuske and his said wife now falsely and fraudulently, with the intent and for the purpose of defrauding these plaintiffs out of said land and the title thereof, pretend that they are the owners of said premises and entitled to the possession thereof."

The possession and cultivation of said premises by the decedent until his death, and the making of permanent improvements by him to the value of $1,500, are all admitted, but the defendants absolutely deny the alleged contract and the demand and a refusal of a conveyance. Reciting the commencement and pendency of the eject-ment action against the plaintiff here, Emma Zeuske, for the recovery of the possession of the real property already described and that she, for herself as widow, and for George Edward Zeuske as heir at law of Edward Zeuske, and for herself as administratrix, had filed an answer in the law action, but that they had no plain, speedy, or adequate remedy at law, the prayer of the complaint is in substance that the defendants in the cross-bill should be declared to hold title to the real estate in trust for the plaintiffs, and that George Edward Zeuske be entitled to a conveyance of the legal title free from all incumbrances from the defendants here, subject to the dower rights and interest of Emma Zeuske, as widow of the decedent, and subject to all legal claims against the estate of the deceased and the right of possession of the administrator, and that a conveyance be compelled from the defendants under those conditions. The pendency of the action is admitted, but the defendants deny that any but Emma Zeuske in her individual capacity is a party to the action. The bill was not attacked by demurrer or otherwise than by the denials hereinbefore mentioned. The case was heard by the court upon all the evidence introduced in the law action, as well as other evidence heard in the equity suit which resulted in a decree for the plaintiffs. The defendants appeal.

MODIFIED AND AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. Stephen A. Lowell* and *Mr. John P. Winter.*

For respondents there was a brief over the names of *Messrs. Fee & Slater,* with an oral argument by *Mr. James A. Fee.*

MR. JUSTICE BURNETT delivered the opinion of the Court.

1-3.  If it is true, as alleged in the bill, that the decedent had made a contract with his parents, the defendants, for the purchase of the land in question, and in pursuance thereof had taken possession, made valuable improvements of a permanent nature, and paid the full purchase price, the administratrix of the estate would be entitled to continue his possession as his personal representative, under the provisions of Section 1185, L. O. L.  Moreover, by the terms of Section 1266, L. O. L., the interest of the deceased in the property by virtue of such contract would be available for the satisfaction of claims against the estate.  By analogy drawn from *Ladd v. Mills,* 44 Or. 224 (75 Pac. 141), the administratrix would be a proper party to the litigation here for the purpose of securing a conveyance from the defendants as provided in the alleged contract.  It is also true that the cause of suit mentioned in the complaint inured to the decedent before his death and was one which survived him in favor of his personal representatives under Section 484, L. O. L., so that, in any event, the administratrix is entitled to maintain this suit.  Still further, the minor child of the decedent is the only heir to whom his real property would descend subject to the purposes of administration of his estate, and hence, being interested in the enforcement of the contract alleged in the bill, would have a cause of suit against the defendants.  No objections having been made by demurrer to the joinder of the parties plaintiff in the suit, nothing can be predicated in favor of the defendants here on their mere denial that the infant and the administratrix were parties to the action at law.

4.  The chief contention here is one of fact, for the principle is thoroughly established by a number of precedents in this State that an oral contract for the sale of land followed by the possession of the purchaser,

making permanent improvements by him and payment of the purchase price, may be enforced in equity, and a conveyance compelled on the ground that a refusal of such relief would work a fraud upon the purchaser not capable of complete remedy at law. *Barrett* v. *Schleich,* 37 Or. 613 (62 Pac. 792) ; *Scott* v. *Lewis,* 40 Or. 37 (66 Pac. 299) ; *Sprague* v. *Jessup,* 48 Or. 211 (83 Pac. 145: 84 Pac. 802: 4 L. R. A. [N. S.] 410; 11 Ann. Cas. 58) ; *Watts* v. *Spencer,* 51 Or. 263 (94 Pac. 39).

A detailed analysis of the testimony on the question of fact would serve no good purpose as a precedent and would merely incumber the Reports. It is sufficient to say that a careful study of the whole record of the testimony in the equity case and in the law case, all of which is before us in evidence in the suit at bar, convinces us that the preponderance is strongly in favor of the contentions of the plaintiffs. In our conclusion, we have at least strong moral sanction in the verdict of the jury that heard the testimony in the law case and in the decision of the learned jurist who passed upon the same data before us. Under these circumstances, we are not disposed to disturb the conclusion reached on the facts in the trial at law as well as in the hearing at equity.

5. The question of the widow's dower does not necessarily arise between her and the defendants and in a sense is *coram non judice.* We cannot, in this proceeding, admeasure that estate or establish her right thereto, for, as said in *Butler* v. *Smith,* 20 Or. 131 (25 Pac. 381) : "The right of the widow to dower in no manner interferes with the right of the administrator to the possession and the control of the property of the deceased, both real and personal, and to receive the rents and profits thereof until the administration is completed or the same has been surrendered to the heirs or devisees by order of the court or judge thereof."

The decree of the circuit court should be modified by omitting all allusion to dower of the widow, but is otherwise affirmed.                    MODIFIED AND AFFIRMED.