Argued November 27, 1940; affirmed January 14, 1941

# STEIN *v.* UNITED STATES NATIONAL BANK OF PORTLAND ET AL.

(108 P. (2d) 1016)

*O. A. Neal,* of Portland, for appellant.

*M. M. Matthiessen,* of Portland (Wood, Matthiessen & Rankin, of Portland, on the brief), for respondents.

RAND, J. The plaintiff is a judgment creditor of the defendant, Henry Wagner, one of the beneficiaries of the trust created by the will of Alexander Wagner, deceased. She brought this suit, seeking to have the intended trust set aside and held to be void as an unlawful restraint upon alienation and as a violation of the rule against perpetuities. She alleges in her complaint that, at the time of the testator's death, Henry Wagner, the judgment debtor, was a brother of the testator and his next of kin and sole heir at law and that, because of the alleged invalidity of the will, the entire estate of the testator passed to him upon the death of his brother, and that she is entitled to have the

same applied to the satisfaction of her judgment the same as if the testator had died intestate.

The defendants demurred to the complaint on the ground (1) that the court had no jurisdiction of the subject of the suit, and (2) that it failed to state a cause of suit. The court sustained the demurrer on the last ground and, upon plaintiff's declining to plead further, dismissed the suit, and plaintiff has appealed.

Plaintiff's contention that the trust is invalid as an unlawful restraint on alienation and because of the rule against perpetuities is based upon certain provisions in the will which read as follows:

"Second: I give, devise and bequeath all of my property of every nature and wherever situate to the United States National Bank of Portland (Oregon), in trust, to pay the net income therefrom, and, upon the conditions hereinafter stated, all or any portion of the principal of said trust estate, as follows:

"During the joint lives of my brother, Henry Wagner, and of my nephew, Henry W. Wagner, to each one-half of the net income therefrom, and upon the death of either of them, then to pay the entire net income to such survivor for his lifetime, and upon the death of my said brother and his son, Henry W. Wagner, then to pay the net income therefrom to the then living children of said Henry W. Wagner until the youngest of his children living at the time of my death shall have reach the age of twenty-one years, and then to distribute my said trust estate share and share alike to the then living children of said Henry W. Wagner, whether born before or after this will is made or goes into effect, and if any child of said Henry W. Wagner shall have died prior to the time fixed for distribution of the trust estate hereunder leaving issue him surviving, then the issue of any such deceased child of Henry W. Wagner shall take the share of their parent by right of representation.
\* \* \*

"(f) No right, title, interest or equity in any of the trust property or the income or increase thereof shall vest in any beneficiary prior to actual distribution to such beneficiary, and no part thereof, either principal, interest or increase, shall be liable for the debts, present or future, of any beneficiary, and shall not be subject to the right on the part of any creditor of any beneficiary to seize or reach the same under any writ or by any proceeding at law or in equity. No beneficiary shall have any power to give, grant, sell, convey, mortgage, pledge or otherwise dispose of, encumber or anticipate the principal, income or increase of said trust property, or any portion thereof, or any installment thereof. * * *

"(h) For the purpose of meeting any unusual or extraordinary demand on the beneficiaries hereunder, or any of them, as for example, prolonged illness, extensive travel, or education of any beneficiaries entitled hereunder (this enumeration being by way of illustration and not limitation) my trustee may and it hereby is empowered in its sole and uncontrolled discretion to spend all or any portion of the principal of the trust estate, it being my desire through this gift to be of the greatest possible assistance to the beneficiaries, and each of them, in so far as my said trust estate will permit.

"(i) Anything herein contained to the contrary notwithstanding, this trust shall terminate and distribution shall be made hereunder within twenty-one years and nine months from the date of the death of the last surviving beneficiary hereunder living at the time this will goes into effect."

■ The first question for decision is whether the testator intended by his will that the distribution of the trust property, other than the net income thereof, should be postponed for twenty-one years and nine months after the death of all the beneficiaries named in the will. If such was the testator's intention, then

the trust is void for no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest: *Closset v. Burtchaell,* 112 Or. 585, 230 P. 554; Gray on Perpetuities, 3d ed., p. 175.

In determining this question, the plaintiff contends that subdivision (i), above quoted, controls because inserted later in the will than the preceding paragraph, quoted above, which provides that the distribution of the corpus of the trust shall be made when both Henry Wagner and his son are dead and the youngest child of Henry W. Wagner, living at the time the will goes into effect, attains the age of 21 years. If this paragraph is to govern, then it states the conditions upon the fulfillment of which the distribution must be made and names the beneficiaries in whom the trust property shall vest. If such was the intention of the testator, then all future interests would vest not later than some life or lives in being at the time the will went into effect without the addition of any period in gross, and the trust is valid.

■■ The contention that, because the provisions of subdivision (i) were inserted in the will after those contained in the preceding paragraph, the last insertion must prevail cannot be sustained. As held in *Mattison v. Mattison,* 53 Or. 254, 100 P. 4, 133 Am. St. Rep. 829, 18 Ann. Cas. 218, the will is to be construed in accordance with the intention of the testator gathered from the whole instrument rather than from the language used in any particular clause of it. This rule is so well settled and has been so universally applied by the courts that no further citation in its support is needed. When these two provisions of the will are carefully read, it will be seen that subdivision (i)

contains no declaration that the distribution of the trust property shall be postponed until twenty-one years and nine months after the death of all the beneficiaries named in the will, but rather that the distribution must be made within that time, while the preceding paragraph clearly states the intention of the testator that such distribution shall not be postponed but shall be made when Henry Wagner and his son are both dead, provided that the youngest child of Henry W. Wagner shall, at that time, have attained the age of 21 years. To give any other construction to the will would be to assume, in the absence of any language indicating such intent, that the testator intended that none of the beneficiaries named in the will should ever share in the trust property other than the net income thereof, and that the same should not be distributed until long after they all were dead. In view of the preceding paragraph of the will that construction would lead to a *reductio ad absurdum* and be contrary to the real intent of the the testator, as expressed in his will.

■ It has been suggested that the rule is that a legacy or interest created by devise should always be construed as vested rather than contingent when that may be done without violating the intention of the testator: *Winslow v. Rutherford,* 59 Or. 124, 114 P. 930; *Stevens v. Corroll,* 64 Or. 417, 129 P. 1044, L. R. A. 1918E, 1095. That rule, however, has no application where, as here, these interests were not to vest until distribution had actually been made.

■ It is alleged in the complaint that Henry Wagner is 70 years of age, that his son, Henry W. Wagner, is 44 years of age, and that the youngest child of Henry W. Wagner is 17 years of age, and it has been suggested

that if Henry Wagner and his son and the youngest child should die before the youngest child reaches the age of 21 years, then, under the strict terms of the will, no distribution of the corpus of the trust could be made.

It is obvious that the testator intended that, if the two first named beneficiaries and the youngest child should each die before the child reached the age of 21 years, the property should be distributed at the time when the youngest child would have reached that age had she lived. This conforms to the ruling made by the court in *Re Clark's Estate*, 13 N. J. Misc. 393, 178 A. 574, where a like question was involved.

■ The trust created by this will was obviously intended by the testator to be a spendthrift trust so far as the interest of Henry Wagner and Henry W. Wagner are concerned, and that they should receive only the net income during their natural lives and that, as to their interests in the trust property, the same should be inalienable by them and not subject to the debts of either. It was held in *Mattison v. Mattison,* supra, that a spendthrift trust is valid in this state. That ruling conforms to the decisions in most states and should, we think, be followed in this case.

We, therefore, hold that the trust created by the will of Alexander Wagner was a valid trust and that it does not violate the rule against perpetuities nor is it objectionable upon the ground that the vesting of these future interests is too remote. For these reasons, the decree of the circuit court will be affirmed.

BELT, BAILEY and LUSK, JJ., concur.