**Donald F. KIRK, Plaintiff,**

v.

**Leroy Jean KIRK and the United States National Bank of Oregon, Defendant.**

**Civ. No. 68–474.**

United States District Court
D. Oregon.

Dec. 2, 1968.

---

**1002**

Ramirez & Hoots, Klamath Falls, Or., for plaintiff.

Cleveland C. Cory, Portland, Or., for defendant United States National Bank of Oregon.

Lloyd A. Domaschofsky, Klamath Falls, Or., for defendant Leroy Jean Kirk.

## OPINION

SOLOMON, Chief Judge:

Plaintiff filed an action to recover for breach of a stipulation which a State Court incorporated in an order dismissing an earlier action between these parties. Defendant United States National Bank (Bank) seeks to dismiss for want of jurisdiction.

The Bank is trustee of a management spendthrift trust created under the Klamath Indian Termination Act, 25 U.S.C. § 564 et seq., to manage the assets of enrolled members of the Klamath tribe. Defendant Leroy Jean Kirk is an en-rolled member of the Klamath tribe and a beneficiary of the trust. The beneficiaries do not have transferable interests either in the corpus or in the future income.

Plaintiff Donald F. Kirk recovered a judgment against defendant Kirk in 1961 for assault. Plaintiff then sued the Bank in State Court to collect the judgment from defendant Kirk's interest in the trust. That action was dismissed. In the order of dismissal the Court incorporated a stipulation under which the Bank agreed to send defendant Kirk's periodic share of income to plaintiff's attorney. The attorney agreed to pay one-half to plaintiff and send the other one-half to defendant Kirk. Plaintiff brought this action for breach of the stipulation when the Bank refused to send the March 15, 1968, quarterly distribution check to the attorney. Plaintiff seeks damages or, in the alternative, an order compelling the Bank to pay one-half of defendant Kirk's distributions to plaintiff.

Plaintiff alleges that the amount in controversy exceeds $10,000. He bases jurisdiction on diversity, on the venue statute in 12 U.S.C. § 94, and on the theory that a federal question is involved.

The funds already paid to defendant Kirk directly and those held by the trustee for immediate distribution to him total much less than $10,000. Since the remaining funds are held in a spendthrift trust, plaintiff in this action could not reach more than such total. Stein v. United States National Bank, 165 Or. 518, 108 P.2d 1016 (1941). Nevertheless, counsel asserts that the amount in controversy exceeds $10,000. He cites no supporting cases, and I have been unable to find any. To find that the amount in controversy exceeds $10,000 would be to assume that plaintiff could reach that amount in this action. This would negate the essential purpose of a spendthrift trust. The most analogous situation is an action to recover on a health and accident policy payable in in-

stallments during the period of disability. These cases hold that if a creditor must obtain a judgment each time he wishes to reach accrued installments, the amount in controversy is the amount of the judgment for the accrued installments and not the total amount which may ultimately become due. Aetna Casualty & Surety Co. v. Flowers, 330 U.S. 464, 67 S.Ct. 798, 91 L.Ed. 1024 (1947). I therefore find that the amount in controversy does not exceed $10,000.

There is no merit in plaintiff's contention that he can base jurisdiction on 12 U.S.C. § 94. That statute clearly relates to venue and not jurisdiction. Swift v. Fourth National Bank of Columbus, Georgia, 205 F.Supp. 563 (M.D. Ga.1962).

Finally, plaintiff alleges that this action arises under the Klamath Indian Termination Act, 25 U.S.C. § 564 et seq., and that jurisdiction is based on the theory that the case arises under Federal law.

Federal courts have not broadly interpreted the phrase "arising under." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). This circuit has held that an action arises under the laws of the United States only if it involves a determination of the validity, construction or effect of the law, and the result of the action depends on that determination. Quinault Tribe of Indians v. Gallagher, 368 F.2d 648 (9th Cir. 1966); South Side Theatres v. United West Coast Theatres Corp., 178 F.2d 648 (9th Cir. 1949).

Whether a breach occurred here will be determined by the stipulation and State law. Although the trust was created pursuant to 25 U.S.C. § 564 et seq., the statute is immaterial to this controversy.

Defendant's motion to dismiss for want of jurisdiction is granted.