Argued June 5, affirmed July 24, 1969

KIRK, *Appellant, v.* KIRK, *Respondent.*

456 P2d 1009

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellant. On the brief were Ramirez & Hoots, Klamath Falls.

*Lloyd A. Domaschofsky,* Klamath Falls, argued the cause and filed a brief for respondent.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Plaintiff holds an unpaid judgment for money against defendant. Defendant is a nonwithdrawn member of the Klamath Tribe of American Indians and is entitled to quarterly payments from the proceeds of the operation of a management trust of the assets of the tribe which was established by the United States government. Plaintiff brought this proceeding under ORS 23.720① to secure an order of court requiring the application upon his judgment of the quarterly payments which defendant will receive in the future from the trustee, the United States National Bank. Plaintiff appealed from a denial of the order which he sought.

Except for certain exceptions not here applicable the trust provides that "* * * no beneficiary under this Trust shall have any transmissible interest in this Trust or in the income therefrom * * *" and that "* * * neither the principal nor the income shall be liable for debts of any beneficiary, and no beneficiary shall have any power to sell, assign, transfer or encumber, or in any manner to anticipate or dispose of his interest in the Trust or the income produced therefrom prior to the actual distribution thereof by the Trustee to the beneficiary * * *." These provisions establish what is known as a spendthrift or protective trust. The validity of such trusts and the inability of creditors of the beneficiaries to

---

① After the appearance and examination of a judgment debtor ORS 23.720 provides "* * * if by such examination it appears that the judgment debtor has any property liable to execution, the court or judge before whom the proceeding takes place, or to whom the report of the referee is made, shall make an order requiring the judgment debtor to apply the same in satisfaction of the judgment, or that such property be levied on by execution, or both, as may seem most likely to effect the object of the proceeding."

reach the income therefrom has been established by the cases of this court in *Shelley v. Shelley and U. S. Nat. Bank,* 223 Or 328, 334, 354 P2d 282, 91 ALR2d 250 (1960); *Stein v. U. S. National Bank,* 165 Or 518, 524, 108 P2d 1016 (1941); *Mattison v. Mattison,* 53 Or 254, 257, 100 P 4 (1909). An exception has been made in the instance of the beneficiary's obligation for alimony and child support. *Shelley v. Shelley and U. S. Nat. Bank, supra; Cogswell v. Cogswell et al.,* 178 Or 417, 446, 167 P2d 324 (1946). In the present case plaintiff's judgment was not shown to have been based on such a claim and, therefore, defendant's income from the trust is not subject to execution prior to its receipt by him.

The judgment of the trial court is affirmed.