Argued September 8, 1967, reversed and remanded
March 27, 1968

PAUR, *Respondent, v.* ROSE CITY DODGE,
INC. ET AL, *Appellants.*

438 P. 2d 994

*David W. Dardano,* Portland and *Jack L. Hoffman,* Portland, argued the cause for appellants Rose City Dodge, Inc. and Robert W. Green. With them on the briefs were Dardano & Mowry, Pendergrass, Spackman, Bullivant & Wright, Portland.

*Francis F. Yunker,* Portland, argued the cause and filed the brief for appellants Anthony Moss and James DeVon.

*Don G. Swink,* Portland, argued the cause for respondent. With him on the brief were Ronald B. Lansing, Bailey, Swink, Haas & Lansing, Portland.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Goodwin, Holman, Lusk and Woodrich,[*] Justices.

HOLMAN, J.

Defendants in this action for damages for an alleged battery appeal from a judgment entered upon a jury verdict for plaintiff, assessing damages as $5,000 general, $499.50 special, and $15,000 punitive.

Plaintiff, Louis Paur, was employed as a salesman at defendant Rose City Dodge (Rose City), a car dealership. Defendant Anthony ("Tony") Moss was employed as a lot boy at Rose City. Defendant Robert Green was general manager, and defendant James DeVon was sales manager.

Plaintiff testified that as he was leaving the Rose

---

[*] Woodrich, J. did not participate in the decision of this case.

City premises, he was attacked from behind, knocked down, and beaten by defendant Moss. Plaintiff claims that defendants Green and DeVon directed Moss to commit the alleged battery. Prior to the attack, Green and DeVon had been informed that plaintiff had interfered with a deal between Rose City and a Mrs. Betty Tuttle, a friend of plaintiff. Plaintiff told Mrs. Tuttle not to sign a contract for the sale of an automobile which was tendered her, and he marked changes on it which would have resulted in a substantial price reduction. As a result he had been discharged.

We first consider the assignments of error which challenge the denial of the motion of defendants Rose City, Green and DeVon for a directed verdict. The question presented is whether there was any substantial evidence to show that the individual defendants participated in the battery, and that defendant Rose City was liable vicariously.

There was testimony that Green, after learning of plaintiff's action, told plaintiff he was fired, and then told Moss in the presence of DeVon and plaintiff: "If Mr. Paur comes back throw him out." Later, according to plaintiff, Green told the plaintiff, who had come back to Rose City to return the keys of a car: "Get out of here, if you ever come back I will have you thrown out." According to plaintiff, he left the premises and then returned after noticing that Green had gone home. Plaintiff asked DeVon to assist plaintiff in collecting outstanding commissions. At the conclusion of their conversation, DeVon, according to plaintiff, made the following statements in the presence of Moss and plaintiff:

"*  *  * If you think I'm going to see that you get any of your commissions, you have coming after

you screwed us out of a start of a deal you are crazy. * * *"

* * * * *

"* * * Get out of here. * * * I will have you thrown out. * * * Well, you can't lose an $800 deal for us and want me to still be your friend. * * * Tony, throw him out. * * *"

The battery immediately followed.

■■ To be liable for battery, each defendant must have participated in, aided, or procured the battery. *Tauscher v. Doernbecher Mfg. Co.,* 153 Or 152, 160, 56 P2d 318 (1936). The evidence that Green and DeVon told Moss to "throw out" plaintiff was sufficient to raise a jury question whether Moss's battery upon plaintiff was pursuant to the directions of Green and DeVon.

■■ Also, it was a jury question whether Green, as general manager, and DeVon, as sales manager, had authority to direct removal by force of unauthorized persons from Rose City's premises. If either of them did, and such one as had authority ordered plaintiff's removal pursuant to such authority, and excessive force was used in carrying out the order, the corporate principal is responsible for the resultant injury. 10 Fletcher, Corporations 463, § 4883.

"* * * where the use of force at times is part of the duty of the servant, the master is not excused from liability when the servant uses excessive, and even unjustifiable, force in the performance of his duty, and even though in so doing the servant disobeys positive instructions of the master. * * *" *Barry v. Oregon Trunk Railway,* 197 Or 246, 261, 253 P2d 260 (1953).

We next consider the assignments which challenge

the trial court's refusal to withdraw the issue of punitive damages from the jury.

Defendants contend that there was no evidence of malice on the part of Green and DeVon, and therefore punitive damages should have been withdrawn as to all in accord with the rule in this state that plaintiff waives punitive damages if he joins as defendant one who is not liable therefor. *Gill v. Selling et al,* 125 Or 587, 594-595, 267 P 812 (1928).

■ Both Green and DeVon knew that plaintiff had interfered with a profitable deal Rose City had proposed to Mrs. Tuttle. The purported statements of both is evidence indicating that individually they resented plaintiff's interference. From these statements the jury could infer malice.

■ Since Green and DeVon were entrusted with executive management of Rose City, the corporation could be found liable vicariously for their malicious acts. *Pelton v. Gen. Motors Accept. Corp.,* 139 Or 198, 204-205, 7 P2d 263, 9 P2d 128 (1932) ; *Barry v. Oregon Trunk Railway, supra,* at 257 ; 10 Fletcher, Corporations 452, § 4882.

■ We next consider the assignments which seek reversal for admission of allegedly irrelevant and prejudicial matter. The evidence subjected to attack was introduced to prove malice on the part of defendants. Much of the evidence tended to indicate the amount of profit Rose City would have made on the sale of the automobile to Mrs. Tuttle prior to plaintiff's interference. We believe evidence of the amount of the profit was properly admissible to lend credence to plaintiff's claim of malice. However, we find that irrelevant and prejudicial evidence was admitted.

■ Over objection, plaintiff was allowed to show Rose City's practice of appearing to advertise their

automobiles at less than the government-controlled maximum price, but which advertising in fact on careful reading, would be limited to an automobile with a specific serial or license number. This was clearly irrelevant. It is also prejudicial because it shows Rose City uses sharp advertising practices.

■ On direct examination, Mrs. Tuttle was permitted to describe a telephone conversation, subsequent to the altercation between Moss and plaintiff, with the salesman at Rose City with whom she had been dealing. She testified as follows:

> "He said if I didn't take the car that I would lose my furniture and they were going to sue me and—oh, there were all kinds of dire consequences he painted for me that were going to come about if I didn't take this automobile."

This testimony concerning threats to a lady by a salesman employed by Rose City was irrelevant to any issue in the case. It did not tend to prove that any of the defendants acted with malice toward plaintiff. It would tend to prove malice towards Mrs. Tuttle, but she is not the plaintiff. It might be argued that it could be inferred therefrom that persons who wanted to close a deal so badly that they would stoop to such practices would feel malice toward anyone who thwarted them. The argument, in our opinion, is too tenuous. Clearly the admission of the above testimony was highly prejudicial.

It could be argued that the objection upon behalf of two of the defendants was not sufficient. The attorney representing Rose City and Green objected to Mrs. Tuttle's testimony upon the ground that there was no showing that the salesman had authority to make such a statement. There was evidence given by the de-

fendant Green from which it could have been found that the salesman was acting in the course of his employment. The attorney for the defendants DeVon and Moss then made the proper objection that the testimony was not relevant to any of the issues. The court overruled the objection. We believe that the defendants Rose City and Green should be given the benefit of the reason specified in DeVon's and Moss's objection. The purpose of an objection is twofold: first, to tell the court that the party does not wish the evidence admitted; second, to inform the court why it is believed that the evidence is improper and thus give the court an opportunity to determine whether the reason is sufficient. Rose City and Green apprised the court they objected to the evidence being submitted. DeVon and Moss gave the court the proper reason why the evidence was not admissible. The court thus knew that Rose City and Green did not want the evidence admitted and also had an opportunity to consider the proper reason for its inadmissibility. No additional aid would have been given the court if Rose City and Green had also specified the proper ground. It would have been a useless formality.

■ The court denied motions for a mistrial by all defendants at the conclusion of plaintiff's opening statement. Plaintiff's counsel told the jury that employes at Rose City were forced to work seven days a week and unless they were present when one of their customers came to close a deal, they would lose their commission. The jury was also told that Mrs. Tuttle's proposed contract required eight percent interest when it is usual for Rose City to charge other customers only six percent.

■ Both of these matters were irrelevant. The extent of the interest rate charged Mrs. Tuttle was rele-

vant to show what Rose City stood to lose. The greater the loss the more likely the malice. However, what Rose City charged others was irrelevant.

It is only fair to remark that, on both sides, the trial of this case was a bare-knuckled affair with more emphasis on the prejudicial than on the relevant. There is no necessity to consider the charges of error relating to instructions. The judgment is reversed and the case is remanded for a new trial.