Argued May 9, affirmed June 19, 1968

## WRIGHT, *Respondent*, *v.* ICOA LIFE INSURANCE COMPANY, *Appellant.*

442 P. 2d 614

*Asa L. Lewelling,* Salem, argued the cause for appellant. With him on the brief were McKinney & Churchill, Salem.

*Roger Tilbury,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

This is an action for libel. Plaintiff was awarded a verdict and judgment for general and punitive damages. Defendant appeals. There are several assignments of error but the crux of the appeal is the claim that the trial court erred in refusing to direct a verdict. Defendant states that there was no evidence of actual malice.

The action resulted from a proxy dispute between plaintiff and the incumbent officers and directors of defendant. Prior to the proxy dispute, which occurred in 1965, plaintiff had been discharged as a general agent of defendant. After he was discharged plaintiff circulated a long letter to the several thousand stockholders of defendant in which he charged various acts of mismanagement against the officers and directors. He proposed to the stockholders that they vote for five persons that his letter nominated as directors. In response to plaintiff's letter Mr. Harold A. Jensen, Jr., the executive vice-president and secretary of defendant wrote the letter containing the libelous matter.

This letter was also mailed to all of the stockholders but in addition copies of the letter were mailed to the Oregon Commissioner of Insurance and the Securities and Exchange Commission. The pertinent paragraph of that letter reads:

"Just who is this man Wright? And what does he stand for? He is a former agent for our company. ICOA fired him because, among other things, he sold insurance in the State of Washington without a license, confiscated commissions belonging to another agent, grossly misrepresented policies he sold, and sold insurance for another company while he was under an exclusive contract with ICOA. While he was damaging the name of the Company and driving the market price of your stock down through these activities, his wife was licensed with Oregon Underwriters, Inc., selling stock in a competitor, Oregon National Life Insurance Company. Investigators for the Department of Insurance have investigated Wright's activities and a tentative hearing date has been set for April 23, 1965."

The most disputed language is the statement that "* * * he sold insurance in the State of Washington without a license, confiscated commissions belonging to another agent, grossly misrepresented policies he sold * * *."

It is conceded that the letter was privileged and that in order to overcome the privilege it is necessary to show actual malice. The meaning, purpose and limitations of the rule regarding privileged communications are fully discussed in *Murphy v. Harty*, 1964, 238 Or 228, 393 P2d 206, and authorities cited, and need not be repeated here. That opinion summarized the plaintiff's burden by the following quotation from Dean Prosser:

" "* * * Once the existence of the privilege is

established, the burden is upon the plaintiff to prove that it has been abused by excessive publication, by use of the occasion for an improper purpose, or by lack of belief or grounds for belief in the truth of what is said. Unless only one conclusion can be drawn from the evidence, the determination of the question whether the privilege has been abused is for the jury.' Prosser on Torts (2d ed) 629 § 95." *Murphy v. Harty, supra,* at p 248.

■ Defendant argues that the defamatory statements in Jensen's letter were true, that Jensen knew of the truth and that Jensen " 'honestly believed the plaintiff's conduct to be such as he described it, * * *.' " *Murphy v. Harty, supra,* at p 247. There was much contradictory testimony relative to plaintiff's conduct as an agent for defendant. There was evidence of plaintiff's admission that he did misrepresent the character of the policies of insurance that he was selling. There was evidence stated with similar vigor that the representations were ones that the defendant's managing officers had instructed its agents to make and, for that reason, plaintiff had innocently made the representations to prospective policy buyers. It was, at least, debatable as to whether or not plaintiff had "grossly" misrepresented policies that he had sold and as to who was the real perpetrator of the misrepresentations.

The evidence relative to the "confiscated commissions" of other agents could have caused the jury to believe that plaintiff had shared a small commission with another agent. Plaintiff testified that the commission sharing was because of an agreement with the other agent. The jury had the right to believe plaintiff and to also believe that the word "confiscated" was used to malign plaintiff and not to actually describe what plaintiff had done.

Similar charges and counter-charges are found in the testimony relative to the other claims of plaintiff's misconduct stated in Jensen's letter. These conflicts are not within the province of the court to resolve.

The evidence could also have caused the jury to believe that mailing copies of the letter to the Security and Exchange Commission and the Commissioner of Insurance exceeded the bounds of the privilege. There was definitely more than one conclusion to be drawn from all of the evidence. The question of malice was properly submitted to the jury.

Defendant argues, however, that, as a corporation, it should not be held responsible for the malice of its officers. Defendant's answer admits that the corporation published the letter and the evidence verifies the admission. In the recent case of *Paur v. Rose City Dodge,* 1968, 249 Or 385, 438 P2d 994, we held that a corporation could be held vicariously liable for the malicious acts of its officers.

For the same reasons the question of punitive damages was properly submitted to the jury.

The other assignments of error do not merit individual discussion. Each one has been examined and we think the trial court did not err in any of the respects assigned.

Affirmed.

· Argued June 11, affirmed June 19, 1968

STATE OF OREGON, *Respondent, v.*
JAMES M. SPAISE, *Appellant.*

442 P. 2d 611

*Richard W. Hill,* Portland, argued the cause and filed a brief for appellant.

*Billy L. Williamson,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McAllister, Presiding Justice, and O'Connell and Denecke, Justices.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.