Argued March 7, modified June 26, 1968

# SUMRELL, *Respondent, v.* HOUSEHOLD FINANCE CORP., *Appellant.*

443 P. 2d 179

*Richard D. Nelson,* Portland, argued the cause and filed a brief for appellant.

*William F. Thomas,* Portland, argued the cause for respondent. With him on the brief were Raymond J. Conboy, and Thomas, Conboy & Leahy, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

This is an action for actual and punitive damages for the conversion of an automobile. Defendant appealed from that portion of a judgment awarding punitive damages. The following are the facts stated in a manner most favorable to plaintiff as is proper after judgment.

The defendant was a judgment creditor of Mrs. Michael Peckron. On October 8, 1966, Mrs. Peckron sold the automobile in question to plaintiff. Plaintiff mailed the documents of title with a request for transfer to the State Department of Motor Vehicles on October 14. The documents of title were received by the Department of Motor Vehicles on the 18th. The Department treats the receipt of the documents as the effective date of transfer. Pursuant to a request by defendant the Department erroneously issued a certificate on the 19th that its records showed Mrs. Peckron as the owner of the vehicle. On October 25 the vehicle was seized by the defendant under a writ of execution at the home of Mrs. Peckron where plaintiff was also living.

As the seizure was being carried out by the constable and before the vehicle was taken away, plaintiff appeared on the scene and talked on the telephone to defendant's attorney. Plaintiff told the attorney that he, plaintiff, was the owner of the automobile and that he had recently purchased it from Mrs. Peckron. He also informed defendant's attorney that he had mailed the title papers to the Department of Motor Vehicles on October 14 for transfer of the title into his name.

He was trying to find out if he could get the attorney to hold the execution or run another check on the title. The attorney told plaintiff that he was going to take the vehicle anyway, but that if plaintiff owned it he could file a third party claim. He also stated he thought plaintiff did not own the truck and that there had been "hanky-panky" between plaintiff and Mrs. Peckron. He "talked kind of rank" and also said: "Well, Bub, we'll see you in court."

On the same day or the day following, plaintiff telephoned defendant's Portland manager and told him that plaintiff was the owner of the vehicle and demanded its return by noon the next day. The manager told plaintiff that he was familiar with the circumstances involving the seizure of the vehicle and refused to return it to plaintiff. Plaintiff filed this action on the next day or the day following. The vehicle was subsequently sold by defendant at a constable's sale.

Defendant's principal assignment of error contends that the trial court was mistaken in submitting the issue of punitive damages to the jury because there was insufficient evidence to sustain such submission. This raises a question which continues to plague this court. What is the basis for the allowance of punitive damages? In *Noe v. Kaiser Foundation Hosp.*, 248 Or 420, 435 P2d 306 (1967), this court used the following language:

"Punitive damages can only be justified on the theory of determent. See Hodel, The Doctrine of Exemplary Damages in Oregon, 44 Or L Rev 175 (1965). It is only in those instances where the violation of societal interests is sufficiently great and of a kind that sanctions would tend to prevent. that the use of punitive damages is proper. * * *"

The application of this general philosophy to the factual situation, is, as always, not without difficulty.

At the time of the seizure of the vehicle defendant was aware of plaintiff's claim that he owned it and that plaintiff claimed to have mailed the documents for change of title to plaintiff to the Department of Motor Vehicles on the 14th of October. Defendant also knew that the Department of Motor Vehicles on the 19th of October, after the documents of title would have been received by the Department in the normal course of the mails, reported that the vehicle was registered to Mrs. Peckron. Defendant was also aware that the vehicle was found by the constable at Mrs. Peckron's home. Plaintiff claims that under these circumstances defendant was obligated to telephone to verify whether the information he had received from the Department of Motor Vehicles was correct or be guilty of such action as would merit the infliction of punitive damages.

In view of the above circumstances we do not believe that defendant's actions were sufficiently arbitrary and unconscionable to constitute a grievous violation of societal interests. Therefore the use of punitive damages is not merited to deter such conduct by defendant and others in the future. Defendant's actions were not entirely unreasonable in view of the information it received as a result of its inquiry of the Department of Motor Vehicles. Defendant knew that plaintiff's ownership would normally have been disclosed by such inquiry, had plaintiff's story to it been true about receiving and sending in the documents of title.

The judgment of the trial court is modified to delete that portion of the judgment awarding plaintiff punitive damages.

LUSK, J., specially concurring.

I agree with the decision and with the opinion,

except the following statement quoted from *Noe v. Kaiser Foundation Hospitals,* 248 Or 420, 435 P2d 306, 308: "Punitive damages can only be justified on the theory of determent." The only authority cited in support of that statement in the *Noe* case is an article in 44 Oregon Law Review 175. The author of the article in turn cites no decisions of this or any other court and, on the contrary, recognizes the law of Oregon when he says: "The most frequently stated purposes of exemplary damages in Oregon are punishment of the defendant and deterrence of others from like conduct." 44 Or L Rev at 182. The following decisions of this court are in accord with the statement just quoted: *Kinzua Lbr. Co. v. Daggett et al,* 203 Or 585, 591, 281 P2d 221; *Van Lom v. Schneiderman,* 187 Or 89, 107, 210 P2d 461, 11 ALR2d 1195; *Martin v. Cambas,* 134 Or 257, 261, 293 P 601. This is the rule throughout the country. Thus, it is said in 22 Am Jur 2d 323, Damages § 237: "In most jurisdictions exemplary damages are allowed and awarded as a punishment to the defendant and as a warning and example to deter him and others from committing like offenses in the future." To the foregoing are cited decisions of the Supreme Court of the United States, the lower Federal courts and 21 state courts, including *Van Lom v. Schneiderman,* supra. The recognized textwriters tell us the same thing: 1 Sedgwick on Damages, § 347; 2 Sutherland on Damages (4th ed) § 391; McCormick on Damages 275, § 77.