Argued March 5, reargued May 12, affirmed October 22,
petition for rehearing denied December 16, 1969

## OSBORN, *Respondent, v.* GENE TEAGUE CHEVROLET COMPANY, *Appellant.*

459 P. 2d 988

*Norma Paulus,* Salem, argued the cause for appellant. With her on the brief were Bell, Gehlen and Bell, Stayton.

*William S. Nokes,* Silverton, argued the cause and filed a brief for respondent.

HOLMAN, J.

This is an action for damages for claimed fraudulent misrepresentations of the mileage on a used automobile purchased by plaintiff from defendant. Defendant has appealed from a judgment, entered on a verdict favorable to plaintiff, for both actual and punitive damages.

■ There was sufficient evidence to justify the following factual finding by the jury. At the time the automobile was traded in to the defendant its odometer indicated slightly in excess of 100,000 miles. When it was sold a few weeks later to plaintiff the odometer showed approximately 62,000 miles. Defendant made no verbal representation of the mileage on the vehicle. However, plaintiff observed the mileage reading on the odometer and purchased the automobile in reliance thereon. Defendant admitted replacing the odometer, claiming that it had done so because the odometer was broken.

■ Defendant claims the court erred in failing to direct a verdict in its favor because of insufficient evidence to sustain plaintiff's cause of action. Defendant first contends there is no evidence of any representation of the mileage the vehicle had been driven. This contention necessarily rests upon the premise that representations must be verbal. We believe that this is not so and that a representation can be made of the amount of the vehicle's prior use by the manipulation or change of a part of the vehicle that serves the purpose of showing how far it has traveled. It should and could have been anticipated by defendant that even in the absence of a verbal representation, a person who was considering the purchase of a vehicle would look at and rely upon the odometer.

Defendant next claims there is no proof of its intent to defraud. Except rarely, fraud can only be proved by circumstantial evidence. The jury can certainly take notice that automobile dealers are aware that one of the purposes of an odometer is to represent the use of a vehicle and thus the extent of its wear and its resultant value. It can also assume that every automobile dealer, including defendant, knows

that the purchasing public is likely to look at and rely upon the odometer for this purpose. If, knowing this, a dealer changes the mileage and does not tell the purchaser of the change, we believe that there is sufficient evidence of fraud to go to the jury. Under these circumstances, the dealer's silence can be found to be the badge of fraud. The likelihood that the mileage change and silence concerning it was for the purpose of misleading plaintiff was sufficient to permit the jury to draw an inference of fraud.

■ Defendant also contends there was insufficient evidence to sustain actual damages because there was no proof of the market value of the vehicle. The only evidence of the vehicle's market value favorable to the plaintiff was plaintiff's testimony that had he known the mileage on the vehicle he would not have paid more than $300 for it. In *Lewis v. Worldwide Imports, Inc.*, 238 Or 580, 395 P2d 922 (1964), we held that such testimony could be regarded by the jury as the owner's estimate of the vehicle's market value rather than an expression of its special value to him. We also continued to recognize that an owner is qualified to testify to the value of that which he owns even in the absence of his qualifications as an expert in evaluating property of the kind in question.

■ The defendant next urges that the court erred in failing to withdraw from the jury's consideration the issue of punitive damages. Defendant first contends there was no evidence that the odometer was changed for the purpose of deceiving the purchaser. We have already crossed this bridge in a direction contrary to defendant's contention when we decided that there was sufficient evidence of intent to defraud to sustain the jury's verdict. We have previously held that turning back an odometer with intent to deceive was suf-

ficient to sustain punitive damages. *Lewis v. World-wide Imports, Inc., supra,* at 585-86. The legal justification for punitive damages is determent. *Sumrell v. Household Finance Corp.,* 250 Or 381, 443 P2d 179 (1968). Punitive damages would appear to be particularly well suited to prevent defendant and others from the kind of conduct here complained of.

■ Defendant next contends that there is no evidence that it authorized or ratified the act which furnishes the basis for the claim of punitive damages and therefore it is not responsible for them. The evidence reveals that the president of defendant corporation talked with plaintiff about three weeks after the sale, examined the facts surrounding plaintiff's complaint and the sale, and refused to make any adjustment. At this time he must have known all the relevant facts. The decision of defendant's president to stand firm and retain the benefits of the transaction is strong evidence of its ratification.

■ Defendant next contends that the court erred in not giving a requested instruction on the necessity for authorization or ratification of the acts complained of before there could be corporate responsibility for punitive damages. The requested instruction stated as follows:

"I instruct you that the defendant corporation can not be held liable for punitive damages unless you find among other things that Mr. Teague or other principal officers of the corporation authorized, participated in, or after having knowledge of the acts of the salesman, ratified such acts.

"Punitive damages are awarded not to compensate the plaintiff, but as punishment to the wrongdoer, and may be awarded against a principal only where by express authority or ratifica-

tion the principal has participated in the acts of the agent."

We believe it was not error to refuse to give the instruction because the instruction was too restrictive. In effect, it would have told the jury that a principal officer of the corporation must have expressly authorized or ratified the conduct. Corporate responsibility has been adjudged in this state for punitive damages where the person authorizing or ratifying the conduct is of less consequence in the managerial hierarchy than a corporate officer. *Paur v. Rose City Dodge,* 249 Or 385, 438 P2d 994 (1968); *Pelton v. Gen. Motors Accept. Corp.,* 139 Or 198, 204-205, 7 P2d 263, 9 P2d 128 (1932). At times this court has found at quite a low level sufficient authority to subject the corporate entity to punitive consequences. See *Pelton v. Gen. Motors Accept. Corp., supra.*

■ Defendant argues the court erred in failing to grant its motion for mistrial. Defendant produced a witness who overheard a statement in the corridor outside the courtroom which, if made by one of the jurors, would indicate prejudice against defendant. The judge heard the witness for some length and was satisfied that the person who made the statement was not a juror. The apparent basis for the judge's determination was that at the time the statement was made, the court was in session and no juror could have been the speaker. Defendant contends that the court's investigation was insufficient and that a jury member resembling the speaker should have been questioned regarding the statement. We believe the judge was in a particularly good position to decide whether the members of the jury were in the courtroom at the time the witness said the statement was

made. This being so, there was no abuse of discretion on the judge's part in refusing to question the member of the jury.

The judgment of the trial court is affirmed.

McALLISTER, J., dissenting.

Our ideal is equal justice under the law. In this case the majority seems to have abandoned that goal and created a different rule for used car dealers than it has applied to all other litigants accused of fraud.

The normal rule applied to defendants accused of fraud was epitomized recently in *Fahrenwald v. Hemphill*, 239 Or 421, 425, 398 P2d 174 (1965), as follows:

> "* * * It is a salutary rule of law that requires such an allegation [fraud] to be proven by clear and convincing evidence. The stigma of fraud is not lightly laid upon a defendant. Fraud must be established by clear and satisfactory proof. The party alleging fraud must bring forward the evidence to prove it, and may not rely upon mere suspicious circumstances or equivocal conduct. (Citing prior cases.)"

A more elaborate statement of the rule is found in *Conzelmann v. N. W. P. & D. Prod. Co.*, 190 Or 332, 350, 225 P2d 757 (1950):

> "Fraud is never presumed. On the contrary, there is a disputable presumption that a person is innocent of crime or wrong; (§ 2-407 (1), O.C.L.A.) and another disputable presumption that private transactions have been fair and regular (§ 2-407 (19), O.C.L.A.). The person alleging fraud has the burden of proving it, and it must be established by evidence that is clear, satisfactory, and convincing. It is not necessary that it be established by direct evidence, for in many cases that would be impossible, and it may be proved by circumstan-

tial evidence of a clear and satisfactory character. (Citing prior cases.)"

Plaintiff does not contend that defendant said or did anything to induce him to rely on the accuracy of the speedometer. The defendant's sales manager testified that the speedometer was replaced in the normal course of reconditioning the car for resale. There is no evidence to the contrary. At most, the evidence establishes only "equivocal conduct," which we said in *Fahrenwald v. Hemphill* is not sufficient to establish fraud.

The majority would let the jury infer fraud, not from any evidence in this case, but from some assumed general knowledge that sharp practices are commonplace in the used car business.

If there was even a scintilla of evidence in this case that defendant replaced the speedometer for the purpose of deceiving a prospective buyer I would concur in the majority opinion. Since there is no such evidence, I dissent.

PERRY, C. J., concurs in this dissent.