Argued September 9, affirmed November 12, 1976

# JOE FISHER, *Respondent,*
## *v.*
# WOFFORD, *Appellant.*

556 P2d 127

*Michael E. Kohlhoff,* Portland, argued the cause and filed the briefs for appellant.

*Gary M. Bullock,* Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and McAllister, O'Connell, Tongue, Howell and Bryson, Justices.

TONGUE, J.

## TONGUE, J.

This is an action for indemnity. Plaintiff, a Portland automobile dealer, purchased a used car from defendants on which the odometer had been "turned back." Plaintiff then resold the car to a purchaser who later discovered that fact and rescinded the sale. In this action plaintiff seeks indemnity from defendants for the resulting loss incurred by it.

The case was tried before the court, without a jury. A judgment in the sum of $2,232.14 was entered against both defendants. Defendant Wofford appeals. We affirm.

Because defendant challenges the sufficiency of the pleadings, as well as the proof, we must review both.

Plaintiff's complaint alleged that defendants Wofford and Wetzel were partners; that they sold to plaintiff a used car representing that its actual mileage was 36,516; that plaintiff resold the car to a purchaser, representing the mileage on the car "to be true"; that the purchaser discovered that its actual mileage was substantially more than as represented and "demanded full rescission of the sale"; that plaintiff's tender to defendants of the defense of that claim was refused; that plaintiff then settled the claim by rescinding the sale and paying to the purchaser the purchase price of $4,508.50 plus $350 in attorney fees; that plaintiff then resold the car for $2,776.36 and that there was "due and owing" to plaintiff from defendants the sum of $2,582.14.

Plaintiff offered evidence from which the trial court could properly find the following facts:

Defendant Wetzel was a Portland wholesale dealer in used cars. Defendant Wofford was a retail dealer in used cars. The two defendants conducted their operations at the same place of business, but were not partners.

Defendant Wetzel bought a 1970 Ford station

wagon in San Francisco and had its odometer "turned back." He testified that this was common practice. Both Wetzel and Wofford have been convicted for odometer tampering.

Plaintiff's used car manager purchased the car from defendant Wofford and denied knowledge that the odometer had been "turned back." Wofford signed the purchase order "Northwest Auto Sales by D.E.W." He testified that Wetzel did not operate under that name, but that "I did." Wetzel testified, however, that he did business under that name.

Plaintiff then resold the car to a purchaser who later discovered after several months that the odometer had been turned back. That purchaser, through his attorney, then made a demand upon plaintiff "for a rescission of the contract under the Fair Trades Act as a breach of warranty." Plaintiff tendered to Wofford the defense of that claim. Wofford and Wetzel offered only to buy the automobile back for $2,625, the amount that plaintiff had paid for it.

Plaintiff settled that claim by taking back the car and paying the purchaser the sum of $4,368.50, plus $140 for his attorney fee, making a total of $4,508.50. Plaintiff then resold the car for a "net" of $2,276.30, after deduction for repairs and sales commission.

1. *Plaintiff "presented a 'substantial' case for indemnity."*

One of defendant Wofford's assignments of error is as follows:

"The trial court erred in finding that plaintiff presented a 'substantial' case for indemnity."

In support of that assignment of error it is contended that "[p]laintiff did not plead, and the trial court did not find, that he owed a legal obligation to the third party in this instance," as required under the rule as stated in *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 210, 493 P2d 138 (1972); that the claim made upon plaintiff was "apparently made under ORS 646,

Unfair and Unlawful Trade Practices," which "requires willful conduct"; that plaintiff did not plead or prove that its "obligation to the third party was based on willfullness"; that "lack of willful conduct" by plaintiff was a "well-founded defense" to the claim against it under ORS 646; and that if, on the other hand, plaintiff knew or had reason to know that the "mileage on the car" was "not true," it could not demand indemnity because it was "in pari delicto" with defendants.[1]

■■ It may be doubted whether defendant Wofford's assignment of error, as previously set forth, was sufficient to raise any question relating to the sufficiency of plaintiff's complaint. In any event, and regardless whether these contentions by defendant Wofford might have had merit in the event that the claim settled by plaintiff had been a claim for damages under ORS 646.638, it is elementary that a claim for rescission of a sale and return of the purchase price may be based upon an innocent misrepresentation or mistake as to a material fact. *Souza v. Jackson Co. Fed. S. & L.,* 256 Or 220, 224, 472 P2d 272 (1970). Plaintiff's complaint expressly pleaded that the claim against it was for "full rescission of the sale." Testimony was offered on trial that the purchaser of the car made "a demand for *rescission of the contract under the Fair Trades Act as a breach of warranty.*"

■ Even if willful conduct must be proved to support a claim for damages under that statute, it is obvious from both the pleading and the proof in this case that

---

[1] ORS 646.638(1) provides:

"Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the wilful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, may bring an individual action in an appropriate court to recover actual damages or $200, whichever is greater. The court or the jury, as the case may be, may award punitive damages and the court may provide such equitable relief as it deems necessary or proper."
ORS 646.605(8) provides:

"A wilful violation occurs when the person committing the violation knew or should have known that his conduct was a violation."

the claim against plaintiff by the purchaser of this car was one for rescission of the sale. As for defendants' suggestion that plaintiff cannot claim indemnity because it was "in pari delicto," the trial court expressly found that plaintiff "was without knowledge of the odometer tampering" and "was not an active or passive wrongdoer."

In our judgment, the trial court did not err in holding that "plaintiff had presented a 'substantial' case for indemnity." *Cf. Fulton Ins. v. White Motor Corp., supra.*

2. *Plaintiff was entitled to recover against defendant Wofford for failure to disclose that he was the agent of defendant Wetzel.*

Defendant Wofford contends that plaintiff, having alleged that defendants Wofford and Wetzel were partners, cannot recover based upon evidence that defendant Wofford was the agent of defendant Wetzel and did not disclose that fact to plaintiff.

Upon examination of the record we find that in advance of trial plaintiff submitted to the court a memorandum stating the contention that defendant Wofford was individually liable for failure to disclose both the fact of his agency and the identity of his principal, citing *Norswing v. Lakeland Flying Service,* 193 Or 91, 100-101, 237 P2d 586 (1951). At the time of trial no objection was made to any evidence of agency and no motions were made by defendant Wofford at any time upon the ground that there was a variance between the pleading and proof or that plaintiff had failed to prove its allegations of partnership.

On appeal defendant Wofford contends that the issue is not one of variance, but one of failure of proof, citing ORS 16.650, which provides:

> "When the allegation of the cause of action or defense to which the proof is directed is unproved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance, but a failure of proof."

■■ We hold, on the contrary, that any defect was one of variance, rather than failure of proof. The complaint in this case undertook to allege a cause of action for indemnity. It would appear that the allegations of that cause of action were not "unproved" in their "entire scope and meaning" and that the allegation that defendants were partners was an allegation of a "particular or particulars only," within the meaning of ORS 16.650. In any event, defendant Wofford was not misled to his prejudice and the question was not properly raised either by objection or motion in the trial court. *See Johnson v. Steele,* 154 Or 137, 155, 59 P2d 237 (1936); *cf. Spears v. Huddleston,* 265 Or 168, 178, 508 P2d 438 (1973); *Owings v. Rosé,* 262 Or 247, 260, 497 P2d 1183 (1972); *Fulton Ins. v. White Motor Corp., supra,* at 214-19; *Brooke et ux v. Amuchastegui et ux,* 226 Or 335, 339-40, 360 P2d 275 (1961); and *Arney, Gohn v. City of North Bend,* 218 Or 471, 475-76, 344 P2d 924 (1959).

Defendant Wofford also contends that "the trial court erred in apparently concluding that the principal of defendant was not adequately disclosed to plaintiff." Defendant says that in signing the plaintiff's purchase order "Northwest Auto Sales by D.E.W." he sufficiently disclosed the fact of agency, citing *Somers v. Hanson,* 78 Or 429, 153 P 43 (1915).

■ In *Somers* a note was signed "Hanson Bros., By Erastus Hanson." This was held to be a sufficient disclosure that the Hanson brothers were partners and that defendant was a member of that partnership. In this case, however, the signing of the purchase order "Northwest Auto Sales by D.E.W.," although possibly disclosing the fact that defendant Wofford was an agent, did not disclose the identity of defendant Wetzel as his principal, as required under the rule of *Norswing v. Lakeland Flying Service, supra,* at 100-101. "Northwest Auto Sales," was nothing more than an assumed business name under which defendant Wofford himself did business, according to his own testimony, and did not disclose that the actual principal

was defendant Wetzel, who did not do business under that name, according to that testimony by defendant Wofford. Plaintiff's purchasing agent testified that in purchasing the car he thought that it was owned by Wofford and did not know that it was owned by Wetzel.

Under this testimony, the trial court did not err in holding that defendant Wofford did not "adequately disclose" the identity of his principal.

### 3. *Plaintiff's evidence of the amount of the settlement, expenses and attorney fees.*

Defendant Wofford contends that the "trial court erred in entering a Judgment in favor of plaintiff for the sum of $2,232.14 without any evidence that plaintiff's settlement, expenses and attorney fees were reasonable."

The trial court entered judgment for plaintiff in the sum of $2,232.14, computed as follows:

Amounts paid in settlement of claim ............... $4,508.50
Proceeds of resale of car ..................................... 2,276.36
Balance owing ................................................. $2,232.14

In support of the contention that plaintiff did not offer any evidence of the reasonableness of the settlement defendant Wofford points out that plaintiff settled the claim of the purchaser of the car by payment of $4,368.50 (not including $140 paid to his attorney), which was $773.50 over the price paid by the purchaser and that no deduction was made for depreciation as a result of the use of the car for several months prior to rescission of the sale.

In *Owings v. Rosé, supra,* at 257, we held that even though the fact that a settlement was paid may not of itself be evidence that the amount of the settlement was reasonable, when it appears that the settlement was reached after "extensive arm's-length negotiation," in which both parties were represented by counsel, and that the amount of the settlement was "far less" than the "potential costs," of the claimant,

such evidence is enough to permit a jury to find that the settlement was reasonable.

In this case there was testimony that the settlement was arrived at after negotiations between plaintiff and the purchaser of the car and that both were represented by attorneys in those negotiations. There was also testimony that although plaintiff paid $4,368.50 to the purchaser of the car, it retained the 1966 Chevrolet which was "traded in" as a part of that transaction. Also, despite the fact that the amount paid in settlement was $773 more than the original purchase price and that no deduction was made for depreciation, judicial notice may properly be taken of the fact that the amount of the settlement on that basis was "far less" than the potential liability of the plaintiff for punitive damages as an automobile dealer who was the seller of a used car on which the odometer has been "turned back." *See Osborn v. Teague Chevrolet,* 254 Or 486, 489-90, 459 P2d 988 (1969); *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 582, 395 P2d 922 (1964). *Cf. Krause v. Eugene Dodge, Inc.,* 265 Or 486, 509 P2d 1199 (1973). Although there may be some question whether, in the event of a judgment for actual and punitive damages, the plaintiff could have demanded indemnity from defendant Wofford for the amount of such a judgment,[2] we believe that plaintiff's potential liability for such a judgment, together with the additional evidence previously referred to, was sufficiently "substantial evidence" to permit the trial court to find that the settlement in this case was reasonable.

Finally, defendant Wofford contends that plaintiff was required to offer evidence that the amount charged for repairs of the car prior to resale, the commission on the resale and the $140 paid to plaintiff's attorney for negotiating the settlement were reasonable. We may agree that plaintiff should have

---

[2]No contention is made by defendant Wofford on this appeal that plaintiff failed to allege and prove a legal obligation owed to the third party by defendant.

done so and that this presented a different question from the question whether the settlement was reasonable. In any event, no such objection or contention was made by defendant Wofford at the time of trial, but is raised for the first time on this appeal. Under these circumstances, we again hold that the trial court did not err. *Cf. Arney, Gohn v. City of North Bend, supra,* at 475-76.

For all of these reasons, the judgment of the trial court is affirmed.