[Civ. No. 54787. First Dist., Div. One. Nov. 21, 1983.]

W. W. LEASING UNLIMITED, Plaintiff, v.
COMMERCIAL STANDARD TITLE INSURANCE COMPANY et al.,
Defendants, Cross-complainants, and Appellants;
PAUL LYME SOSNOWSKI, Cross-defendant and Respondent.

COUNSEL

Tobin & Tobin, John L. Hosack and Eugene J. Chiarelli for Defendants, Cross-complainants and Appellants.

Morgenstein, Ladd & Jubelirer, Marvin D. Morgenstein and Jean L. Bertrand for Cross-defendant and Respondent.

OPINION

ELKINGTON, P. J.—The several closely interrelated cross-complainants which will hereafter for convenience be described as "First California,"

have appealed from a judgment insofar as it denies them recovery over against cross-defendant Paul Lyme Sosnowski, for such sum as the judgment requires them to pay plaintiff W. W. Leasing Unlimited, and for their attorney's fees and costs of the cross-action.

Having read the record, and read and considered the briefs and arguments of the cross-complainants and the cross-defendant, we conclude that the appeal is meritorious.

The questions presented by the appeal are: (1) whether an agent contracting on behalf of his principal is under a duty to disclose the principal's identity; (2) if so, whether a fictitious, or trade, name of the principal will suffice; and (3) if there be such a duty; what if any is the liability of the agent for such nondisclosure.

The relevant and uncontroverted factual-procedural context of the case may reasonably be reduced to the following.

E. D. Jones Company was a corporation doing business under the fictitious trade name of Industrial Telephone Systems. Its principal shareholders were E. D. Jones, his wife, and Paul Lyme Sosnowski, the instant cross-defendant. In 1977 Sosnowski was the president and chief executive officer of the corporation, whose business was the sale and installation of telephone systems.

In 1973 First California had leased a telephone system for its Walnut Creek office from the instant plaintiff, W. W. Leasing Unlimited, or its predecessor company. After several years, and while the lease had a substantial period of time to run, First California became dissatisfied with the system.

In 1977 First California had entered into an agreement and lease for another telephone system at its Walnut Creek office under the following circumstances. Sosnowski represented himself to be president and chief executive officer of Industrial Telephone Systems, and an appropriate agreement and lease, prepared by or under the direction of Sosnowski, was entered into by First California for a new telephone system. The agreement provided, among other things, that *"we [Industrial Telephone Systems] will buy out the contracts you presently have with [W. W. Leasing Unlimited]."* (Our italics.)

The *agreement* was by letter and it was signed by "Paul Lyme Sosnowski, President and Chief Executive Officer, Industrial Telephone Systems." The

letterhead's printed caption stated: "Industrial Telephone Systems, a Division of Northern California Telephone Company, 300 South Garrard Boulevard, Richmond, California." The *lease* was on a printed form headed with the same caption. It provided, among other things, that Industrial Telephone Systems was the lessor, which would provide the necessary labor, equipment, and materials for the new telephone system. The *lease* was subscribed in printing "Lessor: Accepted By [and signed] Paul Sosnowski." At no time was First California advised that E. D. Jones Company was Sosnowski's principal, or that Industrial Telephone Systems was a fictitious or trade name used by E. D. Jones Company.

The new telephone system was installed, and it was satisfactory to First California.

However, neither E. D. Jones Company, nor Industrial Telephone Systems, nor Sosnowski, nor anyone, "bought out" the contracts that First California had with W. W. Leasing Unlimited. And within the year E. D. Jones Company became a bankrupt. It is notable that at the trial, when asked "what if anything, was Industrial Telephone Systems?" Sosnowski replied, "I believe it was a d/b/a of E. D. Jones Company." And the agreement's printed representation of Industrial Telephone Systems as "A Division of Northern California Telephone Company," was never explained.

First California did not pay to W. W. Leasing Unlimited, the rental due under its earlier lease, and the instant action was commenced.

W. W. Leasing Unlimited, as noted, recovered judgment against First California. No complaint is made as to that portion of the judgment. The issue before us relates only to First California's cross-complaint. It may be narrowed to whether Sosnowski personally was liable to First California for the failure to "buy out" the contracts of W. W. Leasing Unlimited. Surprisingly, we find scant aid from California case law in the resolution of our problem. But elsewhere throughout the states of our nation, and the federal court system, there is abundant authoritative coverage. It is well condensed by the editors of American Jurisprudence 2d, in this manner.

"In order for an agent to avoid personal liability on a contract negotiated in his principal's behalf, he must disclose not only that he is an agent but also the identity of his principal, regardless of whether the third person might have known that the agent was acting in a representative capacity. It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent. The disclosure of an agency is not complete for the purpose of relieving the

agent from personal liability unless it embraces the name of the principal; without that, the party dealing with the agent may understand that he intended to pledge his personal liability and responsibility in support of the contract and for its performance. Furthermore, the use of a tradename is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability." (3 Am.Jur.2d Agency, § 320, pp. 676-678, and see the authority there collected.)

A sister state's judicial opinion will also elaborate the rule: "In order for an agent who negotiates a contract in behalf of his principal to avoid personal liability he must disclose not only his agency but also the identity of his principal. . . . The fact that the agent in making the contract for his principal, instead of disclosing the identity of his principal, uses the tradename under which the principal transacts his business is not of itself a sufficient identification of the principal to protect the agent from personal liability. . . . It is not the third person's duty to seek out the identity of the principal; rather, the duty to disclose the identity of the principal is on the agent." (*Myers-Leiber Sign Co.* v. *Weirich* (1966) 2 Ariz.App. 534 [410 P.2d 491, 493].)

Other authority holding that the use of a "tradename under which the principal transacts his business is not of itself sufficient" are: *Resnick* v. *Abner B. Cohen Advertising, Inc.* (D.C. 1954) 104 A.2d 254, 256; *Chambliss* v. *Hall* (1966) 113 Ga.App. 96 [147 S.E.2d 334, 338]; *Howell* v. *Smith* (1964) 261 N.C. 256 [134 S.E.2d 381, 384]; *Saco Dairy Co.* v. *Norton* (1944) 140 Me. 204 [35 A.2d 857, 858, 150 A.L.R. 1299]; *Amans* v. *Campbell* (1897) 70 Minn. 493 [73 N.W. 506, 507]; *Fisher* v. *Wofford* (1976) 276 Ore. 603 [556 P.2d 127, 131].

And additional expressions of the general rule will be found in: 3 C.J.S., Agency, section 371, p. 193; Annot. (1944) 150 A.L.R. 1303; 2 Williston on Contracts (3d ed. 1959) section 288, pp. 354-357; Restatement Second of Agency sections 4, 321; and see authority in those works collected.

 The foregoing authorities, we opine, are controlling here and require reversal of the judgment.

It is observed that the above-noted lease contained a provision that "in the event an attorney shall be employed to enforce this lease agreement, lessee shall pay a reasonable attorney's fee . . . necessarily incurred in . . . enforcing the provisions of this agreement. . . ." The provision, by virtue of Civil Code section 1717, operates reciprocally in favor of the "prevailing

party," here First California. Cross-complainants in the superior court sought, and now on this appeal seek, such attorney's fees for services rendered in the cross-action. They are now entitled to such attorney's fees.

The judgment as to plaintiff W. W. Leasing Unlimited is affirmed in all respects. As it relates to cross-complainants' cross-action against cross-defendant Sosnowski, the judgment is reversed. The superior court will fix cross-complainants' reasonable attorney's fees for services rendered on the cross-action and on this appeal. Judgment will thereupon be entered in favor of cross-complainants against cross-defendant Sosnowski for such attorney's fees, and otherwise as prayed, and as not inconsistent with the views we have expressed.

Newsom, J., and Holmdahl, J., concurred.